WILLIAM H. GLENNEY, Respondent, *v.* JEREMIAH H. STEDWELL et al., Appellants.

Under section 391 of the Code, a plaintiff in an action pending may examine the adverse party on oath before service of the complaint, and for the purpose of obtaining facts on which to frame the complaint.

If the affidavit presented to a judge for the purpose of procuring an order for such examination, discloses a case giving the judge power to act, his action is discretionary and cannot be reviewed here.

The effect of said provision cannot be altered by a rule of the court.

(Submitted January 18, 1876; decided February 1, 1876.)

APPEAL from order of the General Term of the Superior Court of the city of New York affirming an order of Special Term denying a motion to vacate an order granted by a justice of said court requiring certain of the defendants to appear and be examined as parties before trial.

Plaintiff's affidavits, upon which the order for examination was granted, after stating the commencement of the action and generally the nature thereof, the relief sought, stated that plaintiff was not able to frame his complaint and does not know the names of the necessary defendants; and that it is necessary for him, in order to obtain knowledge of said names and of the facts necessary to frame his complaint, that he should have an order to examine said defendants, so that he could obtain from them the necessary information; also, that he had stated the case to his counsel, and was advised by him that he had a meritorious cause of action, and that the discovery he seeks is absolutely necessary to enable him to frame his complaint.

*F. N. Bangs* for the appellants. It was not within the jurisdiction, power or authority of the court to order an examination of a party under section 391 of the Code, before issue joined. (Laws 1847, p. 630; *Ainsworth* v. *Bolmer,* 1 Sandf., 688; id., 713; 1 Code R., 4; *Anderson* v. *Johnson,* id., 95; *Balbiani* v. *Grasheim,* 2 id., 75; *Miller* v. *Mather,* id., 101; *Porter* v. *Elliott,* 2 Sand., 667; *Chichester* v. *Livingston,* 3 id., 118; *Suydam* v. *Suydam,* 11 How., 518; *Leeds* v. *Brown,* 5 Abb., 418; *Green* v. *Wood,* 6 id., 277; *Watson* v. *Gage,* 12 id., 215; *Plato* v. *Kelly,* 16 id., 180; *Woods* v. *De Figamere,* 7 Robt., 607; *Cook* v. *Bidwell,* 17 Abb., 300; *McVicker* v. *Greenleaf,* 4 Robt., 657; *Fullerton* v. *Gaylord,* 7 id., 559; *Green* v. *Herder,* id., 455; *Bell* v. *Richmond,* 50 Barb., 571; *Duff* v. *Lynch,* 36 How., 509; *Havemeyer* v. *Ingersoll,* 12 Abb. [N. S.], 244, 301; *Winston* v. *English,* 14 id., 119; *Morgan* v. *Whittaker,* 14 Abb., 127.)

*Robert Sewell* for the respondent. The effect of section 391 of the Code cannot be altered by a rule of the court. (*Winston* v. *English,* 44 How., 405; *McVicker* v. *Greenleaf,* 4 Robt., 657; 1 Abb. [N. S.], 452; *Duffy* v. *Lynch,* 36 How., 509; *Fullerton* v. *Gaylord,* 7 Robt., 551; *Barto* v. *Himrod,* 8 N. Y., 491; Broom's Leg. Maxims, 807; *Coleman*

v. *Nantz*, 63 Penn. St., 178.) The matter was discretionary with the court below and the appeal should be dismissed. (*Livermore* v. *Bainbridge*, 56 N. Y., 72.)

FOLGER, J. This case calls for a declaration, of the meaning of chapter 6 of part 2 of the Code of Procedure, entitled " Examination of Parties." There has been conflict of opinion thereon in the courts, which have been called upon to put it into practical operation ; as is shown by the diverse decisions rendered, and by the several rules of practice that have been framed and promulgated.

Looking at the practice for which this chapter is a substitute, and giving to the different sections of it the construction that they seem to demand, we have come to the conclusion, that a plaintiff in an action pending, may examine the adverse party on oath, before the service on him of a complaint, and for the purpose of obtaining the facts on which to frame a complaint.

As a general rule, a court of equity has jurisdiction to entertain a bill, for the discovery of facts which may aid in the prosecution or defence of an action in another court, and which may enable the plaintiff to ascertain who will be proper parties to that action. (*Moodaly* v. *Morton*, 1 Bro. Ch., 469 ; S. C., 2 Dickens, 652.) The bill may be filed when the plaintiff has become actually involved in the litigation, or when he is only liable to be so ; and whether he has, or has not yet, commenced his action. (Adams' Equity, pp. [*19] 86, 87 ; 2 Story Eq. Jur., §§ 1483, 1495 ; *City of London* v. *Levy*, 8 Ves. Jr., 404.) This jurisdiction was conferred upon the Supreme Court by the Constitution of 1846 (art. 6, § 3).

The commissioners who reported the Code of Procedure, and the legislature which enacted it, found the Supreme Court in possession of this jurisdiction. It is not to be supposed that so great a change was intended to be made, as to abolish this power and to take away this right and means of relief to suitors, unless there is found clear indication of it in the report of the commissioners, or an unmistakable inten-

tion in the terms of the enactment. It is suggested that it is a power liable to abuse, in the use it may be put to in harassing. of antagonists by inquisitorial inquiry. It is not a sound argument, which reasons against the existence of a power, from the possibility of the abuse of it. And it is not to be denied, that the prudent and legitimate use of it will not of necessity be found vexatious, and that it has heretofore proved of benefit to honest suitors and a great aid to justice. If the power which the Court of Chancery had under the former practice, was exercised without vexation to defendants, why may not the same power, be benignly exerted by the courts at this day? It is for the judges now, by rules of practice and by rulings at the examination, to keep the plaintiff within proper bounds, and to ward off from the defendant all inquiry which is vain or curious.

We find that in reporting the provisions of the Code for the examination of parties to actions, which prohibit the bringing of a bill of discovery in one action in aid of another action, the commissioners meant them to be a means of accomplishing, substantially, the same ends which were attained in a court of equity in the exercise of its jurisdiction to compel a discovery. (Comrs. 1st Report, p. 244.) Nor do the sections reported and adopted prohibit the essential relief before attained. They interdict the mode of relief, as well might be, after the distinctions were removed between a court of law and one of equity, and the commingling in one of the powers and jurisdictions of the two kinds of courts. They might well then provide that, in the same action, with whatever subject-matter it dealt, discovery should be afforded and relief granted. It was a rule in equity that a bill for discovery would not be entertained, when the bill asked also for relief, which a court of law alone could give. But when equity jurisdiction no longer stood alone, but was committed with that at law, to the same court, this rule had lost the reason for it, and the mode of procedure could be adapted to the change. Section 389 of the Code, (the first section of the chapter), does not prohibit the obtaining discovery, but

declares that it can be sought only in the mode specified in that chapter. In the same action in which the relief is sought must the discovery be sought also. And this seems to be the only substantial restriction put upon the breadth of the former practice. The action for relief must be commenced and the discovery must be sought in that action, and from a party thereto, in the manner provided in succeeding sections of the chapter. Section 390 makes it lawful to examine as a witness a party to an action, whether that action be equitable in its nature or be one at law. So did the Laws of 1847. (Laws of 1847, vol. 2, chap. 426, p. 630.) It needed an affirmative enactment to make it so. The whole scope and purpose of that section is to make lawful such an examination. And it declares first the legality of it; then the means of bringing the party to the book; then the rules under which the examination shall be had; and then, with a limitation of the generality with which it commences, states the three modes in which the examination shall be had : First, at the trial; second, conditionally; third, by commission. The act of 1847, before mentioned, had provided for these three ways and also for a fourth, to wit, for the perpetuation of his testimony, in accordance with the Revised Statutes. (2 R. S., p. 398, § 33.) All that section 390 effects is, that a party to an action may be called and examined as a witness, in some of the same circumstances as a person not a party to the suit or proceeding. It is at once perceived that if a suitor is debarred by section 389 from seeking discovery, save in the action in which he seeks relief, and if the discovery he may have in his action for relief is only at the times and in the mode prescribed by section 390, the rights and benefit he would have had by the former bill of discovery in a court of equity, were materially abridged; for he could not search the mind and memory of his adversary by commission (2 R. S., p. 393, § 12), or at the trial, only after an issue of fact had been joined in the action; and conditionally (id., p. 391, § 1), only when he was about to depart the State, or was sick or infirm. The statute for the perpetuation of testimony (id.,

p. 495, § 43) enables a person who is a party to a suit pend-
ing, or who expects to be a party in a suit about to be com-
menced, to take testimony conditionally and to perpetuate it,
and there is no restriction as to the time during the pendency
of the action when this may be done, save perhaps by impli-
cation, that it shall be before a trial. But all these provi-
sions look not to the same end, as sometimes did a bill of dis-
covery. The statutes look to the obtaining and preserving
depositions as testimony, to be used as testimony, and that
upon the trial, by either party who chooses so to do.

The bill for discovery, as we have seen, had much wider
range than that, and enabled a suitor to procure the precise
information, if it lay in the mind of his adversary, on which
he might frame his pleadings in his action for relief; might
select the persons whom he should make defendants, and pro-
cure the knowledge of facts which would qualify him to
come to trial well prepared. If it be said that the statute for
the perpetuation of testimony, without expressing this as one
of its purposes does, in fact, in connection with the law of
1847, enable the party to attain just this, the answer is that
section 389 has, by implication, so far repealed the law of
1847; for that section declares that the examination of a party
shall be had only in the mode provided by that chapter in its
following sections. We repeat, then, that unless there is
some other mode of examining a party than conditionally, by
commission, or at the trial, the suitor has not the benefit
which the former bill of discovery would have given him.
And we add, that he has not the benefit which the law of
1847 would have given him. We are quite prepared, then, to
find in succeeding sections some broader privilege. We do
find that the next section to the three hundred and ninetieth
does, in its terms, give it. As originally reported and
adopted (being then section 345 of 1848), it provided that
the examination instead of being had as provided in section
390 (384 of 1848), might be had at any time before trial, at
the option of the party claiming it. " The examination"
here spoken of is, of course, or might be construed to be,

the examination spoken of by the two preceding sections, the examination of a party to the action conditionally, by commission, or at the trial. It thus made a substitute for the mode of conditional examination, and the mode of examination by commission (if it were possible), and at the trial, which was unnecessary, as the law had already provided a machinery for those. So the next year (1849) there was an amendment (of section 391), and the power to examine at any time before the trial, was given in place of the examination at the trial only. The Code now stands, that a party to an action may be examined conditionally, or by commission, or at the trial, or in place of at the trial at any time before the trial, at the option of the other party. So that the Code now, as to a party, is nearly equal in extent to the Revised Statutes as to witnesses, and nearly parallel with them, and very nearly comes up to the former bill of discovery. A party as well as a person not interested in the action may be examined conditionally as soon as the action is pending; by commission as soon as there is an issue of fact, and at the trial. And if he may be examined at once, on the service of process, though the complaint be not served, his testimony may be perpetuated. And it is an argument that section 391 intends that he should be, for else there is no method of perpetuating his testimony before the service of complaint, as may be done with that of any other witness.

It is doubtful whether the testimony of one who is likely to be a party to an action not yet commenced, may be perpetuated under the Revised Statutes above cited, for they deal only with witnesses, and not with a party to the action, either real or prospective. We express no decided opinion as to this. We do hold that but for the three hundred and ninety-first section, construed as we construe it, a party to an action, cannot be examined after process served, and before complaint served. The omission to provide, by the Code, for the perpetuation of the testimony of a prospective party, before suit commenced, for the benefit of one who expects to be a party to a suit about to be commenced, if it exists, is a

failure to fully carry out the avowed purpose of the codifiers, to make the parties to actions the prime and principal source of the testimony upon which they are to be determined. (See Report, as above cited.) And the omission to provide for the examination of a party, before complaint served, would be another failure to attain fully that purpose; and also, a failure in the avowed purpose to provide an ample substitute for the former bill of discovery.

Apart from the argument to be had from this avowed purpose, the language of the three hundred and ninety-first section, "at any time before trial," is broad enough to authorize an examination, at once, after the service of process. There is reason to conclude that so the legislature meant it; for thus is harmonized the purpose of giving to a court of law the power to do that which a court of equity could have done by a separate action in aid of one at law, with the other purpose of abolishing the wearisome machinery of the Court of Chancery, and of simplifying and shortening the methods of procedure    The substance is retained, and the process is more ready.

Section 395 as originally passed and as it remained until 1863, did not harmonize with the sections preceding it. It allowed a party, called by his adversary, to be examined in his own behalf in respect to any new matter pertinent to the issue. If we take this to mean the issue framed by the pleadings, it would not give him a right to testify in his own behalf when no issue had been made. This was not in accord with section 390, upon any construction of it, nor with section 391 as we construe it; for, if examined conditionally by the adverse party, it might be before issue joined by the pleadings. And if he was examined before a judge, under section 391, before trial, it might be before issue joined. There would have been strong reason to infer that the phrase, "pertinent to the issue," was not to be interpreted technically, but to mean the real matter in dispute between the parties. However, any discussion of this is no longer of practical use, for, in 1863, an amendment of section 395

remedied any seeming or real inconsistency, and permits a party called and examined by his adversary, to testify generally, in his own behalf, subject to the same rules of examination as other witnesses.

Some considerations are sought to be based upon the language of the rule of practice, number 21, adopted by the convention of the judges, in 1874; and the fact that there is a change in the phraseology from that of 1870. It is enough to say that the rule cannot alter the statute (*Rice* v. *Ehele*, 54 N. Y., 518), and the latter must be interpreted and followed.

The appellant urges that the plaintiff cannot need the information that he pretends to want, inasmuch as his affidavit discloses that he is so far conversant with the case as to be able to state it to counsel and to obtain advice of, and swear to, a good cause of action. The same answer might have been made to a bill of discovery under the former practice. It would not have prevailed. If the affidavit discloses such a case as gives the judge the power to act, what action he will take is discretionary with him, and may not be reviewed here.

The plaintiff claims, in his affidavit, that he needs to know the names of persons whom he has not yet sued, so that he may make them parties to the action. The appellant ingeniously urges that as they are not now named in the summons, it must be to another action than this that they will be made parties, which would be to violate the prohibition of section 389. Were the names of persons all that the plaintiff needs and seeks the objection would be stronger. He is not limited to that by the averments of his affidavit. Besides, it is not certain that there need be another action, even if there be others made parties. The court below may, in its discretion, grant an amendment of the present summons.

The order appealed from should be affirmed.

All concur.

Order affirmed.