MARCIA B. O'REILLY, RESPONDENT, *v.* THE WESTERN UNION TELEGRAPH COMPANY, NORVIN GREEN AND GEORGE L. DOUGLAS, APPELLANTS.

*Code, § 390 — examination of adverse party.*

Where it appears that the plaintiff has a probable cause of action, and that the examination of the adverse party is necessary to enable him to obtain the information requisite to frame his complaint, he is entitled, under section 390 of the Code, to an order requiring the defendant to appear and submit to an examination as a witness.

*Glenny* v. *Stedwell* (64 N. Y., 120) followed.

Appeal from an order requiring the defendant Norvin Green to appear and submit to an examination as a witness on behalf, and at the instance of the plaintiff.

*George W. Soren,* for the appellants.

*Adolphus D. Pape,* for the respondent.   The affidavit is sufficient. (*Glenny* v. *Stedwell,* 64 N. Y., 120 ; S. C., 1 Abb. N. C., 327, with note and case there cited ; *Shepmoes* v. *Bousson,* 52 How., 401 ; *Bailey* v. *Dean,* 5 Barb., 297 ; *McIntyre* v. *Mancius,* 16 Johns., 592 ; *Mc Vickar* v. *Ketchum,* 1 Abb. [N. S.], 452.)   The facts sought to be discovered are necessary to aid plaintiff in the prosecution of the case and to frame her complaint, and, even if not absolutely necessary, the examination could be maintained.   (*Marsh* v. *Davison,* 9 Paige, 580 ; *Vance* v. *Andrews,* 2 Barb. Ch., 370 ; *Shepmoes* v. *Bousson,* 52 How., 405 ; *Mc Vicker* v. *Ketchum,* 1 Abb. [N. S.], 452.)   It is an absolute right, and either party is entitled, under the Code, to examine his adversary.   (*Cook* v. *Bidwell,* 29 How., 483 ; *Green* v. *Wood,* 6 Abb. Pr., 277.)   And the rule has been so clearly defined that, where a party calls his adversary as a witness and examines him before trial, he is precluded from cross-examining him any further on the trial, unless some reason or excuse is shown. (*Wilmont* v. *Meserole,* 40 N. Y. Superior Ct. [8 J. & S.], 321.)

Daniels, J. :

The order in the case was made under section 390 of the Code of Procedure.   The affidavit upon which it was made showed that the plaintiff had a probable cause of action in the case, and that the examination of the appellant was necessary to enable her to obtain the requisite information to frame her complaint ; and this, although not within the terms of Rule 21 of this court, was sufficient to entitle her to the order, as the section under which it was made has been finally construed.   (*Glenney* v. *Stedwell,* 64 N. Y., 120.)   This authority is controlling upon the appeal taken and the order should therefore be affirmed with ten dollars costs and the disbursements.

Davis, P. J., concurred.

Present — Davis, P. J., Brady and Daniels, JJ.

Order affirmed, with ten dollars costs and disbursements.