There were other points raised by counsel, which the court deemed it unnecessary to pass on.
By the Court.—Van Vorst, J.
The proceeding before the judge at special term was a petition on the part of the plaintiff, accompanied by affidavits requiring the defendants, Nichols and Hibbard, to appear and be examined, for the purpose of enabling the plaintiff “ to make and serve his complaint,” and also *54 for an order requiring the defendant corporation, its president and secretary, to deposit, with the clerk of this court, certain of its books and papers, containing entries during several years, in order that the same may be inspected by the plaintiff for the same purpose.
The application for the deposit and inspection of the books and papers was denied by the judge at special term, but an order was made for the appearance of the defendants to be examined. The plaintiff’s need, out of which these proceedings originated, is by himself limited. If there was no such need existing, both applications should have shared the same fate.
It is urged, by the counsel for the defendant, that the plaintiff’s affidavits show him to be in possession of all the facts necessary to prepare his complaint. In substance the same objection was urged, without avail, in Glenney v. Stedwell (64 N. Y. 120, 128).
It is true the plaintiff is in possession of facts and information, as appears by his affidavit, sufficient to indicate that he is entitled to relief of some character in a court of equity.
Subdivision 2 of section 872 of the Code of Civil Procedure calls upon the plaintiff to show, in his moving papers, the nature of the action, and the substance of the cause of action, and of the judgment demanded therein. This he has done to a marked degree.
But plaintiff claims that the defendants, Nichols and Hibbard, are in possession of facts which will enable him accurately to state his cause of action with the fullness of detail necessary to be stated in a complaint for equitable relief, where transactions of the character of those indicated in the plaintiff’s moving papers are to be investigated.
This action is unusual and peculiar as to character. The relation of the defendants to the company, and * their alleged participation in the transactions of which *55 complaint is made, clearly enough indicate that their personal examination may be necessary to enable the plaintiff to give formal expression to the allegations which must, in the end, constitute his complaint, and upon which the ultimate relief to which he may be entitled, and the extent thereof, in so far as the complaint can disclose the same, must be based.
We would give no license to any vexatious inquiry into the affairs of these defendants in their relations with the company, not connected with a statement of the plaintiff’s cause of action, nor would we place them under any unnecessary burden, nor subject them to an examination to ascertain whether the plaintiff has a cause of action. The statute and the power of the court can be invoked for no such purpose.
A cause of action is set up, and the inquiry should be limited to such matters only as are necessary to enable the plaintiff to prepare his complaint.
As the plaintiff may be limited on the trial to the allegations of his complaint, and his relief, in substance, be restricted thereby, it is proper, it seems to us, that in order to widen the range of inquiry, and to enable the plaintiff to demand the additional relief indicated by the facts and knowledge alleged to be in the possession of these defendants, and which are essential to be stated in the complaint, and cannot be otherwise obtained, that they should submit to an examination.
The judge before whom they are to be examined will see to it, that the inquiry is confined within proper limits.
We think the order for an examination of the books was properly denied, but the order for the defendants’ examination is affirmed.
Both orders are affirmed with costs.
Speir, J., concurred.