ALBERT BRISBANE, Respondent, *v.* GEORGE BRISBANE, Appellant.

*Plaintiff may examine the defendant, to obtain facts necessary to frame the complaint — Code of Civil Procedure, § 870.*

Under section 870 of the Code of Civil Procedure the plaintiff is entitled to examine the defendant for the purpose of obtaining facts necessary to enable him to frame his complaint.

Upon an application for an order requiring the defendant to appear and be examined, to enable the plaintiff to obtain facts necessary to enable him to frame his complaint, the affidavit need not state that the plaintiff intends to use the deposition upon the trial of the action.

Appeal from order made by the county judge of Genesee county, denying the defendant's motion to dismiss an order for his examination as a party before trial, which order was granted to enable the plaintiff to frame his complaint.

*Corlett & Hatch*, for the appellant.

*John G. Milburn*, for the respondent.

BARRETT, J. :

It was held in *Glenney* v. *Stedwell* (64 N. Y., 120), under the Code of Procedure, that the plaintiff had the privilege of examining the defendant for the purpose of obtaining facts necessary to enable him to frame his complaint. We think it quite clear that this right is preserved by the Code of Civil Procedure. The expression in section 391 of the Old Code, "at any time before the trial," which in the case cited was deemed to cover an examination before, as well as after issue, is also to be found in section 870 of the New Code. The provisions of the Old Code were a substitute for a bill of discovery, through which one's adversary was compelled to disclose information in his possession, essential to the proper preparation of the pleading. This valuable means of relief, as was held in *Glenney* v. *Stedwell*, could only be taken away by clear and unmistakable legislation. No such intention was found in the Old Code itself, nor in the report of the commissioners, and the expression quoted was deemed amply sufficient to support the retention of the power. The same direction of thought applies to the New Code. "The commissioners who reported the Code of (Civil) Procedure" to quote and apply Mr. Justice FOLGER's opinion in the *Glenney Case*, "and the Legislature which enacted it, found the Supreme Court in possession of this jurisdiction."

There is no suggestion of a purpose to limit existing means of relief. On the contrary, we not only find the expression which had already conserved the uses of a bill of discovery, but, in section 872, subdivision 4. a still broader phrase than any in the Old Code. The affidavit, according to this subdivision, must state "that the testimony of the person to be examined is material and necessary for the party making such application, *or* the prosecution or defence of such action." Further, the commissioners, in their preliminary note to this general subject, express no other intention, save that of consolidating the existing provisions of law. All else has reference to form and detail.

It is claimed that, even if this construction be correct, the affidavit should not have been limited to the purpose of obtaining facts necessary to enable the plaintiff to frame his complaint. There is nothing in this point. It is idle to say that the plain-

tiff may have a general examination before issue, which can legitimately be used to frame his complaint, but that in his affidavit he must express the need or intention of reading the deposition in evidence upon the trial. This point could as well have been urged under the Old Code, which is also suggestive throughout of the use of depositions taken thereunder as evidence upon the trial. There is nothing in the entire system of taking depositions under the New Code (§§ 870–886) to support this point, nor to take the case out of the principle of *Glenney* v. *Stedwell.* The cases in the Superior Court, to which our attention has been called (*Matter of Bryan*, 3 Abb. New Cases, 289; *Patterson* v. *Sanford*, 8 N. Y. Wkly. Dig., 121), are not in point. In the former the attempt was to examine a witness, not a party ; in the latter the examination sought was to *obtain testimony after issue.*

For these reasons the order appealed from must be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BARRETT, J.

Order affirmed, with ten dollars costs and disbursements.