JOHN T. HARROLD, RESPONDENT, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY, APPELLANT.

*Examination of a party before trial—power of the court to refuse, or limit the extent of it— Code of Civil Procedure, §§ 875, 876.*

Under the provisions of the Code of Civil Procedure, relating to the examination of parties before trial, the court cannot refuse to grant an order for the examination of a party to an action, actually pending, nor has it any

greater or different power to limit the extent of such examination than it has to limit the examination of any witness upon the trial.

So far as the questions put to the witnesses are relevant to the issues to be tried, the party examined must answer them.

The right of examination cannot be limited by any rule of the courts.

APPEAL from parts of an order, made at a Special Term, requiring the plaintiff to appear and be examined as a witness, before trial.

Upon the application of the defendant, an order was made requiring the plaintiff to appear and be examined as a witness before the trial of the action, at the Court House in the city of Brooklyn.

The affidavit upon which the application was made stated, among other things, " That this action is brought to recover the sum of fifty thousand dollars, for personal injuries alleged to have been sustained by the plaintiff while a passenger upon the railroad of these defendants, by reason of the alleged carelessness and negligence of their servants and agents.

" That the answer of the defendants is, that they have no knowledge or information sufficient to form a belief whether the allegations of the complaint are true, except as to the allegation that they are a corporation.

" That the name of the person to be examined is John T. Harrold, the plaintiff herein, who resides, as deponent is informed and believes, at No. 456 Munroe street, in the city of Brooklyn.

" That in order to properly prepare for the trial of this action, and to conduct the defense thereof, it is necessary and material for the defendant to have the examination of the plaintiff, John T. Harrold, because it is impossible to prove, in any other way, what injuries have in fact been sustained by him, or what his physical condition is at this time, and as this defendant is informed and believes, the alleged injuries sustained by the plaintiff are much less severe than as set forth in the complaint, and that the immediate and remote effects thereof are exaggerated therein."

Upon the return day, the plaintiff's attorney appeared and presented affidavits tending to show that the plaintiff's physical condition was such as to render his attendance at court or his examination as a witness impossible ; and upon the said affidavits and for the reason that the affidavit of the defendant did not make out a case for

the examination of the plaintiff, he moved to vacate the order. The court refused to vacate the order, but modified it by providing, viz.:

" And it is further ordered that the said plaintiff be examined as a witness, only at his residence at No. 312 Macon street, in the city of Brooklyn, in the county of Kings, on the 31st day of January, 1880, at 11 o'clock in the forenoon, or at such other time or times as the referee hereinafter appointed to conduct and take such examination shall appoint for that purpose.

" And it is further ordered, that Arthur Dudley Vinton, Esquire, of the said city of Brooklyn, be and is hereby appointed sole referee to take the examination of said John T. Harrold at the time and place aforesaid, and to conduct and finish the same. And he is required to file the deposition of said John T. Harrold, when taken, with the clerk of this court, and for the county of Kings, within ten days after the same shall be so taken.

" And it is further ordered, that Jonathan Deyo, the attending physician of said plaintiff, may be present at said examination, and Daniel Ayres, M. D., of the city of Brooklyn, may be also present, with said Deyo, and that such examination by said referee shall not proceed at any one time further than his physical and mental strength shall in their judgment warrant.

" It is also further ordered, that Jacob S. Freer, M. D., the physician heretofore employed by the defendant, and who has heretofore examined the plaintiff, may also be present at such examination.

" It is further ordered, that such examination be confined to the matters stated in the affidavit made on the part of the defendants, on which said order for the plaintiff's examination was made, as the necessary matters calling for the examination of said plaintiff, and upon which it is necessary for the defendant to examine him."

The defendant appealed from the last three paragraphs of the modified order.

*Dudley Field*, for the appellant.

*Chauncey Shaffer*, for the respondent.

PRATT, J. :

The practice of examining parties at and before trial, inaugurated by sections 390 and 391 of the Old Code, was a great innovation upon previous methods, and has given rise to much discussion.

Before that change the redress to be obtained by law depended not so much on the real facts of the case as upon the caution with which the party had surrounded himself with witnesses, by whose testimony the facts could be established. However meritorious a cause of action might be, and how well known the facts might be to the parties interested, the plaintiff would then fail unless every material fact could be proved by witnesses who were without interest in the cause. Nor were the parties to the cause the only sufferers. The witnesses were compelled to sacrifice their time to prove facts that could not be disputed, and were in no real doubt, and were heavily taxed in matters where they had no concern. The liberty to examine an opposing party subject to the same rules of examination as any other witness (Old Code, § 90) has been a great relief to witnesses, and to the court, and a great benefit to honest litigants. But the relief to counsel preparing a cause for trial would be comparatively slight if they were compelled to rest in ignorance of the testimony of the opposing party until the trial. And the experienced authors of the Code, in section 391, provided that this examination of the adverse party might, at the option of the party claiming it, be had at any time before the trial. Since this provision of the law has been in force, prudent counsel have rarely been surprised at the trial, by unexpected evidence, trials have been shortened, the public time has been economized, and the burden upon witnesses has been greatly lessened. Trials have been determined more than ever before upon the real merits. Parties who might be tempted to testify falsely with the stress of the trial upon them, and when they may hope that time and opportunity will not suffice to expose a false statement, when examined before trial are apt to testify truthfully. If they fail to do so the mischief is not often without remedy.

The right to examine the opposing party before trial, shown by experience to be beneficial, is preserved by the New Code, section 873, and the courts would be guilty of a grave error, should they allow it to be frittered away or unduly limited. Under the careful

provisions of sections 875 and 876, there is small danger of abuse, and the Code does not give the court any power to refuse to grant the order for examination where the action is pending, nor does it give the court any greater or different power to limit the examination of a party examined before trial, than to limit the examination of other witnesses upon the trial. So that the questions put to the witness are relevant to the issues to be tried, they must be answered to the extent of the witness's knowledge. By this rule a searching investigation can be made immediately after issue joined into the merits of the controversy upon both sides. The points really in dispute will be made apparent; whether a defense be meritorious or a sham, will in most cases be made clear. Counsel can more intelligently advise the parties as to the prospects of the litigation, by which amicable settlements will be encouraged, and the courts can better exercise their discretion in granting or refusing provisional remedies. The production of relevant and proper testimony by compulsion from a party, or any other person, at any stage of the action, cannot be made a subject of complaint, and the earlier the facts are established the better for the interests of justice. Nor can the right of examination be limited by any rule of courts. (*Glenney* v. *Stedwell*, 64 N. Y., 120.)

The right to appoint a referee to take the examination is expressly given by statute, and in that respect the order appealed from is affirmed. The provisions of the order as to the attendance of parties, are reasonable, and are within the power of the court. In that respect the order must be affirmed. The limitation of the subjects to be inquired of, upon the examination, is not within the power of the court, and in that respect the order must be reversed, but without costs.

The examination will proceed before the referee upon all the issues in the cause.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Parts of order appealed from modified in accordance with opinion, without costs to either party.