MARGARET SWEENEY, an Infant, etc., Appellant, *v.* APPLETON STURGIS, Respondent.

*Evidence — order for the examination of a party before trial — when it is the duty of the judge to grant the order.*

This action was brought by the plaintiff, an employe of the "Eagle Mill," to recover damages for injuries alleged to have been occasioned by the negligence of the defendant, who was alleged to be its proprietor; this latter allegation being denied by the answer. After issue joined, the plaintiff applied for an order directing the defendant to appear and be examined, upon an affidavit stating the facts above mentioned, and that the testimony of the defendant was material and necessary to enable her to prove her cause of action, and stating that she desired to prove what interest the defendant had in the said Eagle Mill, and to ascertain whether the said mill was a corporation or a co-partnership.

*Held,* that the affidavit was sufficient and that the order should have been granted. (Dykman, J., dissenting.)

Where the affidavit, presented upon an application for an order for the examination of a party before trial, contains all the facts which the Code of Civil Procedure and the general rules require to be stated therein, it is imperative upon the judge to grant the order.

Appeal from an order vacating an order made herein by Hon. Justice Cooke, requiring the defendant to appear and submit to an examination before trial, pursuant to section 870 of the Code of Civil Procedure.

The order was made returnable on the 16th day of November,

1880, at chambers of the Supreme Court, in the city of New York, before one of the justices of said court; and on said day Hon. CHARLES E. DONOHUE was holding chambers at said place, and the defendant appeared, and his attorneys objected to said examination, and moved to vacate said order upon the ground that said order was improperly granted, for the reason that the affidavit upon which it was granted did not make out a case entitling the plaintiff to such an order, in that said affidavit did not comply with rule eighty-nine of this court by setting forth the facts and circumstances which show that such examination was necessary and material.

The said justice thereupon made an order vacating and setting aside the order to examine the defendant as aforesaid.

The action was brought against the defendant to recover damages for personal injuries, alleged to have been occasioned by his negligence while the plaintiff was employed in the "Eagle Mill," the complaint alleging that the defendant was the proprietor of the said mill.

The affidavit stated among other things "that the testimony of defendant is material and necessary on the part of the plaintiff, to enable her to prove her cause of action herein and prepare for trial, and that the facts and circumstances which show that the testimony and examination of the defendant before trial, pursuant to the Code of Civil Procedure, is necessary and material as aforesaid, is as follows:

"Plaintiff alleges in her complaint that the defendant was, at the time she received said injuries, the proprietor of the 'Eagle Mill,' in Water street, city of Brooklyn, and the defendant in his answer denies the allegation, and deponent wishes to examine the defendant to prove what interest the defendant has in said 'Eagle Mill,' and to ascertain whether the 'Eagle Mill' is a corporation or a co-partnership, and deems it necessary so to do in advance of trial of this action, for the purpose of obtaining admissions of said facts in issue, and to prevent surprise upon the trial herein, and to dispense with the necessity of procuring witnesses to establish facts which may be admitted by the plaintiff on such examination. Deponent further alleges that all the facts above alleged, upon which such examination is sought, are all within the personal knowledge of the defendant."

*Morris & Pearsall*, for the appellant. The examination of a party to an action before trial, under section 870 of the Code of Civil Procedure, is a matter of absolute right and no longer rests in discretion. (Code of Civil Procedure, § 873; *Ludwig* v. *Pariser*, 54 How. Pr., 498; *Corbett* v. *De Comean*, id., 506; *Webster* v. *Stockwell*, 3 Abb. N. C., 115; *Hynes* v. *McDermott*, 7 Daly, 513; *Harrold* v. *The New York Elevated R. R. Co.*, 21 Hun, 268.)

*Thomas H. Hubbard*, for the respondent. The courts have recently construed the provisions of section 873 of the Code of Civil Procedure, and it has been settled by authorities. That the examination of the adverse party before trial is not a matter of absolute right. (Code of Civil Procedure, §§ 872 and 873, as amended in 1879; General Rule No. 89; *Chapin* v. *Thompson*, 16 Hun, 53; *Beach* v. *The Mayor*, 14 id., 79; *Levy* v. *Loeb*, 5 Abb. N. C., 157; *Greer* v. *Allen*, 15 Hun, 432.)

GILBERT, J.:

One of the issues in this case arises upon the denial in the answer of every allegation in the complaint not admitted by the answer. The allegation in the complaint that "the defendant was the proprietor of the Eagle Mill," is one of those which the answer thus puts in issue. That the fact so averred by the plaintiff and denied by the defendant is material, and indeed indispensable to be proved on the trial, is incontrovertible. The plaintiff clearly has a right to establish such fact by the testimony of the defendant. (Code Civ. Proc., § 828.) That being so, he is entitled to examine the defendant for that purpose upon or before the trial, provided he complies with the prerequisites prescribed by law. (Id., § 870.) It is no doubt the duty of the judge to determine that the affidavit presented upon an application for an order for the examination of a party before trial, contains all the facts which the Code and Rule 89 of 1877 (Rule 83 of 1880) require to be stated therein, before granting the order for such examination. But if the affidavit be sufficient it is the duty of the judge to grant the order. The power thus vested in the judge is for the promotion of justice, and in a proper case suitors may insist on the exercise of it as a matter of right. A strict grammatical construction of the Code gives such right, the

language being "the judge must grant an order," etc. It flows also from the principle of the common law, that when a statute confers an authority to do a judicial act in a certain case, it is imperative on those so authorized to exercise the authority when the case arises, and its exercise is duly applied for by a party interested and having the right to make the application. (*Macdougall* v. *Paterson*, 11 C. B., 755; *People ex rel. Otsego Co. Bank* v. *Sup. of Otsego Co.*, 51 N. Y., 406, and cases cited.)

Some of the adjudged cases contain expressions of judges which at first blush might be deemed inconsistent with the rule stated, *e. g.*, that "the examination is not a matter of absolute right," that "the order for it ought not to be granted for inquisitorial purposes," whatever that may mean; that "the application must be made in good faith;" that "when made after issue joined it must be made to obtain testimony to be used on the trial," etc., etc. But in truth there is no inconsistency whatever. The expressions referred to were used in reference to applications wherein the affidavit did not conform to the legal requirement, or in reference to motions at Special Term to vacate the order for the examination. In either of these cases such expressions are perfectly correct, for an affidavit which falls short of the legal requirement creates no right, and when the right exists, but an abuse of it is shown by affidavit, an order for the examination of a party may no doubt be vacated by the court, after due notice of a motion for that purpose. But we think that when a sufficient affidavit is presented the judge is not justified in refusing the application, unless the affidavit also shows that the party is privileged from giving the testimony sought. The provisions of the Code on this subject have taken the place of the practice of the Court of Chancery relative to bills of discovery. (*Glenney* v. *Stedwell*, 64 N. Y., 120.) A cardinal rule of such practice was that the defendant must answer to all facts material to the plaintiff's case. He was not bound to answer questions of law, nor was he bound to answer questions of fact, unless material not only to the issue but to the plaintiff's case, for the plaintiff had no right to harass him with idle or impertinent inquiries. On grounds of general policy also, a party was not required to discover matters which would tend to criminate him or to expose him to a penalty or forfeiture, or privileged communications. Subject to such excep-

tions the law required a defendant to discover the truth of the plaintiff's claim. (Adams' Eq. Ch. 1.) I know of no better test to apply in cases of this kind than that which governed the determination of demurrers to bills of discovery under the practice of the Court of Chancery.

In the case before us the affidavit shows that the examination is sought for the purpose among others of proving what interest the defendant has in the Eagle Mill. As before stated, such proof is material and necessary, for without it the action cannot be maintained. The defendant must know what interest he has in the mill, and no good reason for excusing him from disclosing that fact has been shown. A denial in his answer that he is the proprietor of the mill certainly does not excuse or disqualify him from testifying on that subject. He may still be called and examined upon that subject on the trial of the action as a witness in behalf of the plaintiff, and we think that the right of the plaintiff to have such an examination before the trial is equally clear. The effect of the testimony may be to disprove the plaintiff's case. Nevertheless he has a right to examine the defendant, for it cannot be foretold what his testimony will be. A denial in a pleading affords no exemption to the party who made the denial from being examined as a witness to prove the fact denied, for it is the denial only which renders such proof necessary.

We think that it was proper to require the defendant to attend before one of the justices of the city of New York. (Code C. P., § 886.)

The order appealed from must be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred.

DYKMAN, J. (dissenting):

An order was made by one of the justices of the Supreme Court of the second district for the examination of the defendant in this action after issue joined, before himself or one of the justices of this court at the chambers thereof in the county court-house, city of New York. On the return of the order the defendant appeared and objected to the proceedings and applied to vacate the order.

The motion was granted and this appeal is from that order. The motion to vacate was based on the insufficiency of the affidavit which, after reciting the case and the pleadings, simply says that the testimony of the defendant is material and necessary on the part of the plaintiff to enable her to prove her cause of action herein and prepare for trial. This is all, respecting the materiality of the testimony. Then it is stated that the facts and circumstances which show that the testimony and examination of the defendant before trial is necessary and material, are that the plaintiff alleges in her complaint that the defendant was the owner of the Eagle Mill, and the defendant in his answer denies the allegation, and deponent wishes to examine the defendant to prove what interest he has in the Eagle Mill, and to ascertain whether it is a corporation or a co-partnership, and deems it necessary so to do in advance of the trial, for the purpose of obtaining admissions of the facts in issue and to prevent surprise on the trial, and to dispense with the necessity of procuring witnesses to establish facts which may be admitted by the plaintiff on such examination.

The plain object of this examination, as disclosed by this affidavit, is the procurement of information to enable the plaintiff to prepare for the trial of the cause, and especially to ascertain whether the action is properly brought against the defendant. Our view of the Code provisions on this subject is, that they contemplate a deposition of the party in a case like the present to be used as testimony on the trial of the action, and that the affidavit used to obtain the order must not only state in obedience to the requirements of subdivision four of section 872, that the testimony is material and necessary for the party making such application for such purpose or for the prosecution or defense of such action, but must also, in obedience to the requirements of Rule 89 of 1877 (Rule 83 of 1880) of this court, specify the facts and circumstances which show in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary for use on the trial of the cause.

There is no statement in this affidavit that the testimony of the defendant is necessary or desirable for the plaintiff, but only that the same is material and necessary on the part of the plaintiff to enable her to prove her cause of action and prepare for trial, or in

other words to enable her to procure testimony to prove her cause of action and prepare for trial. It certainly seems contrary to the spirit of the law to allow a party to harass his adversary with an examination before trial, for the purpose of ascertaining whether he has a cause of action against him and, if so, what testimony he must procure to substantiate the same. Such a practice might open the door to great abuses, and become the fruitful source of oppression and wrong. This affidavit neither states nor shows that the testimony of the defendant is necessary or material for the prosecution of the action, but does show an intent to force from the defendant information which would facilitate the plaintiff in the procurement of testimony to be used against him. The decisions in the cases of *Beach* v. *The Mayor* (14 Hun, 79) and *Chapin* v. *Thompson* (16 id., 55) meet our approbation, and we think it the duty of the courts to see to it that this power of examination be not perverted to mischevious and unjust purposes.

The power to make the order appealed from is beyond question, and the same was properly exercised.

The order must be affirmed, with costs.

Order reversed, with costs and disbursements.