WILLIAM J. HUTCHINSON, RESPONDENT, *v.* FREDERICK N. LAWRENCE, PRESIDENT OF THE NEW YORK STOCK EXCHANGE, APPELLANT.

*Practice — examination of the defendant to enable the plaintiff to prepare his complaint — when it should be directed — Code of Civil Procedure, sec. 872.*

The plaintiff, in an action brought to obtain a judgment declaring a resolution of the governing committee of the New York Stock Exchange to be void and restraining its enforcement, applied for an order requiring the defendant, the president of the board, to appear and be examined in order to enable the plaintiff to frame his complaint. In his affidavit he stated that he had been expelled from the Stock Exchange, and deprived of his seat therein, which was worth $30,000, and alleged that the proceedings by which this had been effected were unlawful and invalid. He alleged that charges had been made against him, and that he had been allowed to appear before the governing committee of the Exchange and answer them; that he did not know what was subsequently done, but had received credible information in relation thereto, but that such information was not sufficiently definite to enable him to set forth the facts in his complaint; that he was informed that evidence was received in his absence; that the resolution expelling him did not receive the vote required by the constitution of the Stock Exchange; that some of the charges made against him were sustained and others were not, but that he was ignorant as to which were so sustained; that he had applied to the committee for information as to those matters, but had been unable to procure any; that the defendant, who was the president of the Exchange, was present throughout the whole of the alleged trial, and that all the matters as to which the plaintiff sought to be informed were peculiarly within the defendant's knowledge.

*Held*, that the court properly granted the application.

APPEAL from an order denying a motion to vacate an order requiring the defendant to appear and submit to an examination as a witness before trial.

The plaintiff stated in his affidavit that the action was brought to obtain a judgment of the court declaring a resolution passed at a meeting of the governing committee of the New York Stock Exchange to be illegal and void, and to restrain the enforcement of the same. That the plaintiff had been allowed to appear before the said committee, which was authorized by the constitution of the Exchange to expel members by a two-thirds vote, and personally answer charges which had been preferred against him. That he denied all the charges and claimed an opportunity to disprove the same. That he had no knowledge of the subsequent proceedings, except what he had heard from other persons. That he was informed that the resolution of expulsion did not receive the requisite two-thirds vote. That evidence and statements relating to the charges were received in his absence; that some of the charges were sustained and others dismissed, but the plaintiff could not ascertain which had been so sustained. That the information of the plaintiff as to these facts was not sufficiently accurate to enable him to properly set forth the necessary facts in his complaint. That he had applied, through his counsel, to the governing committee for information in respect to the matters aforesaid, but that the same was refused by it. That the defendant, who was the president of the Exchange, was present throughout the whole of said alleged trial, at all the meetings of the committee, and that all the said matters were peculiarly within his knowledge.

*James C. Carter*, for the appellant.

*Joseph H. Choate*, for the respondent.

Daniels, J. :

The examination provided for by the order was to afford the plaintiff an opportunity to discover facts claimed by him to be necessary to enable him to frame his complaint in the action; and that such an examination may be had under section 872 of the Code of Civil Procedure, is in effect settled by the case of *Glenney* v. *Stedwell* (64 N. Y., 120).

That case was decided under similar provisions contained in the Code of Procedure. So far as this right was involved, those pro-

visions have not been materially changed by the enactments in the present Code. The provisions certainly are as broad now as they were when that case was determined by the court; and it must be regarded as settling the right of the plaintiff to such an examination, where its necessity shall be reasonably evidenced by the affidavit made to obtain the order.

It appears by the affidavit made use of in this instance that the plaintiff had been expelled from the Stock Exchange as a member of that body. His seat is averred to have been of the value of $30,000, and the proceedings resulting in his expulsion are alleged to have been unlawful, and for that reason inoperative. Precisely what those proceedings were he states himself unable to set forth. The charges made against him were served upon him and he personally appeared to answer them, but what afterwards transpired which produced his dismissal he has not been able to ascertain. It is true that as to the fact that other proceedings were had he has received credible information and formed a belief. But this information was not so definite as to enable him to set forth in his complaint a history or averment of what really had taken place.

Evidence is believed to have been received in his absence and a vote to have been taken upon it, but what that evidence was or the number of votes given for his removal do not appear to have been embodied in the information received by him, and for that reason he is not able to show by his complaint, without further information upon this subject, what was done or precisely in what the illegality of his removal may be alleged to consist; and it is practically to remove this inability to state his case as he considers it important for him to do in his complaint, that the order for the examination of the defendant has been obtained. He was apparently a party to the proceedings and is able to furnish the information required to make reasonably definite allegations upon these subjects.

And under the doctrine of the case to which reference has been made, and these provisions of the Code, he has the right to call upon the defendant to supply this essential information. Without it he would practically be groping in the dark, and might discover when the case came to be tried that very material variations would be found between his allegations and the proof which would then

be developed. To avoid this possibility and to prevent himself from being surprised at the trial, the precaution of taking the defendant's examination has been adopted, and no good reason is disclosed for dispensing with such an examination. The certainty in the allegations which would be required to be made for the purpose of sustaining the action, if that can be done at all, can, under the circumstances, be attained in no other manner. And as the law has provided the plaintiff with this mode of ascertaining the facts the defendant should submit to the examination already ordered.

It may be that an effort will be made to extend it beyond what may appear to be necessary to obtain a knowledge of the facts required to be known to present the plaintiff's case. But that possibility will not justify a denial of the remedy.

The officer before whom the examination will take place is vested with abundant authority to properly limit it and prevent, in that manner, the authority of the law from being made the subject of abuse. If the defendant should be interrogated concerning matters not strictly relevant to what the complaint may be expected or ought to contain in such an action, ample power exists to prevent such interrogatories from being answered. In important respects the plaintiff is manifestly dependent upon the disclosures of the defendant for the information required to frame a proper complaint. And to that extent he has the right to obtain them under the authority of such an order. Beyond that he has no right to go, and the justice before whom the examination will be had will surely restrict the proceeding within such limits. No direction upon that subject can be required in the present dispositions of the case.

The order, under the circumstances, was a proper one, and it should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

So ordered.