Boorman agt. Pierce.

# N. Y. COMMON PLEAS.

### Action No. 1.

J. MARCUS BOORMAN agt. PIERCE and others.

### Action No. 2.

J. MARCUS BOORMAN and THE PACIFIC RAILROAD COMPANY
agt. ANDREW PIERCE and others.

*Examination of parties before trial — Code of Civil Procedure, section 872 —
What affidavit should state to entitle party to order.*

Where the papers present good grounds for believing that a railway company has been wrecked, the widest scope should be given to stockholders who are attempting to unearth the frauds committed by the faithless directors.

But it is due to the administration of justice that the courts whose aid is invoked should know that those asking for its process have been injured pecuniarily by the wrongful doings of the directors.

An affidavit on which to base an order for the examination of a party defendant must state, as required by subdivision 2 of section 872: first, the nature of the action; second, the substance of the cause of action; and, third, the substance of the judgment demanded.

Where the action was brought by a stockholder against former directors of a railroad company to recover excessive prices paid for 800 shares of stock of the Pacific Railroad Company, and an order for the examination of the defendant before trial was asked for on an affidavit alleging that the action is brought "to recover as excessive prices paid in and before October, 1875, for 800 shares of Pacific railroad stock, on the faith of representations to him by some of the defendants, and in full reliance upon their personal character and statements, * * * and to recover either the unpaid value or the whole cost of said stock, together with indemnity for liabilities he may have incurred, unknowingly, in his belief of said representations; * * * and that plaintiff paid over fifty dollars per share for the stock, which is now worth only one dollar per share: "

*Held,* that the affidavit failed to make out a proper case for the order. It is impossible to discover from the affidavit either the nature of the action or the substance of the cause of action. In short, no one can say what the action is about.

An affidavit is defective which alleges that the plaintiff's action is for a recovery under chapter 18, part 1, Revised Statutes. Such an allegation is worthless. It is too vague, indefinite and uncertain to be the foundation of any judicial proceeding.

A party ordered to be examined before trial cannot be compelled to answer where there is nothing to show that any of the questions are legal and pertinent.

*Special Term, January,* 1879.

The action was brought to recover excessive prices paid for 800 shares of stock of the Pacific Railroad Company which the plaintiff purchased, as he alleges, on the faith of certain representations made to him by some of the defendants, who were former directors of the road, and charges of fraud are made against them.

In action No. 2 a motion was made to punish Mr. Pierce for refusing to answer certain questions put to him on examination before trial. Mr. Pierce resisted the motion to punish him, and moved to vacate the order for his examination, and also for the vacation of the order in action No. 1, in which action his examination had not been begun.

*J. Marcus Boorman,* plaintiff in person.

*John E. Burrill,* for defendant Pierce.

Van Hoesen, *J.* — Subdivision 2 of section 872, Code Civil Procedure, requires that the affidavit shall set forth : (1), the nature of the action ; (2), the substance of the cause of action, and (3) the substance of the judgment demanded.

In action No. 1 the affidavit of Mr. Boorman is obviously defective. It alleges that the action is brought " to recover excessive prices paid in and before October, 1875, for 800 shares of Pacific railroad stock on the faith of representa-

tions to him by some of the defendants, and in full reliance upon their personal character and statements,    *   *   * and to recover either the overpaid value, or the whole cost, of said stock, together with indemnity for liabilities he may have incurred, unknowingly, in his belief of said representations,    *   *   *   and that plaintiff paid over fifty dollars per share for the stock, which is now worth only one dollar per share."

From these allegations, and the affidavit contains no others descriptive of the plaintiff's demand against the defendants, it is impossible to discover either the nature of the action, or the substance of the cause of action.   It is not charged that any of the alleged · representations were false, nor does it appear what the representations were.   There is nothing to show that the plaintiff was deceived, or who deceived him, or what loss, if any, he sustained.   In short, no one can say what the action is about.

The motion to vacate the order for examination should be granted, with ten dollars costs to the defendant Pierce, to abide the event.  ·

In action No. 2 the affidavit is defective; it alleges that the plaintiff's action is for a recovery under chapter 18, part 1, Revised Statutes.  Such an allegation is worthless; it is too vague, indefinite and uncertain to be the foundation of any judicial proceeding.   It is, however, further alleged that the capital stock of the Pacific Railroad Company, of the Atlantic and Pacific Railroad Company, and of the Missouri Pacific Railroad Company, was withdrawn or divided; that certain improvement, income and third mortgage bonds of the company first named were issued; and that the Atlantic and Pacific Railroad Company refuses to carry out a lease of the Pacific Railroad, and to protect the rights of the Pacific Railroad Company and its stockholders.   Except the bare allegation that the Atlantic and Pacific Railroad Company refuses to carry out a lease, there is nothing in the whole affidavit that charges, even by implication, a breach of contract

or of duty upon any person, natural or artificial. All the averments of the affidavit may be true, and yet no action may be maintainable against any of the defendants. There is an utter failure to set forth either the nature of the action, or the substance of the cause of action. I entirely agree with judge DALY, to whom the application to punish Mr. Pierce for refusing to answer certain questions was first made, that the party could not be compelled to answer, because there was nothing to show that any of the questions were legal and pertinent (*Matter of Kip*, 1 *Paige*, 601 ; *Hynes* agt. *McDermott*, 55 *How. Pr.*, 263 ). It is due to the administration of justice that the court, whose aid is invoked, should know that those asking for its process have been injured by the defendants. The law is for the redress of grievances, not for the profit of free lances. It may be that the issue of bonds, which the plaintiff mentions in his affidavit, was an act of fraud perpetrated by the defendants, who were directors of the Pacific Railroad Company. If it were so, and if the company were injured thereby, a stockholder, acting for himself and for all other stockholders who choose to come in, may maintain an action against the directors, provided that the company, still in the hands of those who have defrauded it, refuses to sue. If a dividend be declared, but is withheld, a stockholder may maintain an action against the company to recover it. If the directors of a corporation wrongfully divide up and distribute the capital, falsely pretending that in doing so they are paying dividends that have actually been earned, they are liable for their wrongful act. If a railroad be leased, and the lessee, by a fraudulent combination with the directors of the lessor company, refuses to pay the stipulated rent, the stockholders of that company have their redress in a proper action. And whenever a stockholder, actually aggrieved, brings his action to obtain redress for the corporation to which he belongs, for a wrong done by directors who still retain control of its affairs, he is entitled to whatever advantages an examination before trial of the incriminated directors will afford

Boorman agt. Pierce.

him. It is possible that if all the facts were spread upon the record, the plaintiff would make out a case for the examination of the defendants in this suit. If he were a stockholder at the time of the perpetration of any frauds upon the Pacific Railroad Company, he ought to have the fullest opportunity to unearth them, and leave is given him to renew his application for the examination of the defendants ; but his affidavit must state the substance of his cause of action.

The order for the examination of the defendant Pierce is vacated, with ten dollars costs, but the plaintiff has leave to renew his application on an affidavit conforming to the Code.