Hynes v. McDermott.

---

Mary Eliza Hynes *et al.* against Kate McDermott *et al.*

(Decided March 4th, 1878.)

The decisions upon the construction of §§ 390, 391 of the old Code of Procedure, as to what must be shown to sustain an order for the examination of an adverse party before trial, are not applicable to the construction of the provisions of § 870 *et seq.* of the new Code of Procedure upon the same subject.

Under the new Code of Procedure, a party applying for the examination of an adverse party before trial need not show such facts as would have sustained a bill for a discovery in equity, and the rules applicable to bills of discovery do not apply to such applications.

Where the applicant presents an affidavit setting forth the facts prescribed by § 872 of the new Code of Procedure, he is entitled to an order for the examination of the adverse party as a matter of right.

APPEAL from an order vacating an order for the examination before trial of the plaintiff Mary E. Hynes, on the part of the defendants Mary J. McCreery and Lavinia Gay.

The order for her examination was granted on an affidavit made by the attorney for the defendants desiring her examination, which, after stating the facts as to the parties to the action, their residences, and appearances by attorney, alleged as follows :—

" II.—Deponent further says that the nature of the action is in ejectment; the substance of the cause of action is, that alleging themselves to be the widow and children of one William R. Hynes, deceased, the said plaintiffs claim that they are entitled to possession of certain real estate mentioned in the complaint in this action, situated in the city of New York; and the judgment demanded in the plaintiffs' complaint herein is for the possession of said property and *mesne* profits.

" III.—That the defense in the action is, that the defendants Mary J. McCreery and Lavinia Gay are the sisters and sole heirs-at-law of the said the late William R. Hynes.

" IV.—That the defendants desire to examine the plaintiff Mary Eliza Hynes, who resides at 217 West 34th street, in the city of New York, as a party to the action before trial. That the testimony of the said Mary Eliza Hynes is material and necessary for the defense of this action.

" V.—That the said Mary Eliza Hynes, the person sought to be examined, is a party to the action.

" VI.—That the said action is now pending, and the said Mary Eliza Hynes, the party sought to be examined, is of full age.

" VII.—That the testimony of the said Mary Eliza Hynes is material and necessary for the defense of this action, for many reasons; the plaintiff claims to be the widow of William R. Hynes, deceased; the marriage, if any, was consummated in England; the late William R. Hynes and all the parties

plaintiff resided in England, and the defendants did not know of the existence of the said plaintiffs, or of the said the late William R. Hynes' connection with them, until after the death of the said the late William R. Hynes; and there are many facts, occurrences and circumstances which are within the knowledge of the said plaintiff, Mary Eliza Hynes, and which, in the nature of things, the defendants could not have any knowledge of, necessary and material for the defendants to inquire into for the purpose of properly preparing the defense in this action—many of them facts which they can learn from no other source. That deponent has only lately learned that the said Mary Eliza Hynes resided in the city of New York, and only within the last few days where she resided." :

Upon the motion to vacate the order there was read an affidavit made by the guardian *ad litem* for the infant plaintiffs, in which, after stating the nature of the action, he swore:—

"That the only issue raised by the pleadings is whether the plaintiffs are the 'widow and children of said William R. Hynes.' That a commission herein has been issued on behalf of the plaintiffs, which has been executed and returned to the clerk of this court, under which the depositions of some twenty-two witnesses have been taken, by which depositions the plaintiffs prove the marriage ceremony between the plaintiff Mary E. Hynes and the late William R. Hynes, the birth of the two infant plaintiffs, and that the plaintiff Mary E. Hynes and said William R. Hynes, from the time of said ceremony to the time of his death, lived together as husband and wife.

"That the present application is an attempt at an 'in quisitorial examination' of the plaintiff Mrs. Hynes; and deponent further says that he verily believes that this application on behalf of the defendants is not made in good faith, but only for the purpose, if possible, of annoying and perplexing the plaintiff Mrs. Hynes, and for the purpose of ascertaining what witnesses and proofs the plaintiffs may be able to produce on the trial to support the claims of Mrs. Hynes and her children, and their cause of action." .

The order was vacated on the ground that the decisions of this court in *Schepmoes* v. *Bousson* (1 Abb. New Cases, 481) and *Phœnix* v. *Dupuy* (*ante*, p. 238), were applicable to the provisions of the new Code, §§ 870–873 and 828, relating to the examination of an adverse party, and that under them the order should be vacated.

*John Hallock Drake*, for appellants.

*Wm. H. Secor*, for respondents.

VAN HOESEN, J.—Upon the application of some of the defendants, Judge Van Brunt made an order, under sec. 872 of the Code of Civil Procedure, for the examination of Mary Eliza Hynes, one of the plaintiffs, as a party before trial. That order was vacated and set aside by Judge J. F. Daly, who held that the Code of Civil Procedure had not changed the law as it was established by sections 389, 390, 391 of the old Code of Procedure. An appeal was taken from the order of Judge J. F. Daly, and the question presented to us is, whether in order to procure the examination of the adverse party before trial, under sections 870 and 872 of the Code of Civil Procedure, the applicant must present to the court an affidavit embodying all, or the major part, of the allegations that were requisite and necessary in a bill of discovery ?

It was held by the general term of this court in *Phœnix* v. *Dupuy* (*ante*, p. 238), and by the special term (Judge ROBINSON) in *Schepmoes* v. *Bousson* (53 How. Pr. 401), that sections 389, 390 and 391 of the Code of Procedure were a mere substitute for the bill of discovery in the old chancery practice; and that an examination of a party to an action could not be had by his adversary until the latter had shown by affidavit the very facts which the rules of equity pleading would have required him to state in a bill of discovery. Those decisions are binding upon the court, and I do not question them. The Court of Appeals alone can pass upon their correctness.

We have now before us a new statute, the provisions of which are very different from the language of the former Code. It cannot be truly said that sections 870 and 872 of the Code of Civil Procedure are a mere substitute for the bill of discovery. They are far more than that. They provide a simple plan of perpetuating testimony, and were intended, doubtless, as a substitute for art. 5, chap. 7, title 3, part 3, Revised Statutes (2 R. S. 398, 399). Those provisions of the Revised Statutes were intended to save to suitors the trouble and expense of filing a bill in equity to perpetuate testimony. It is not worth while to consume time and space by reciting what averments were necessary in a bill to perpetuate testimony. The text books (Barbour's Chancery Practice, vol. 2, marg. pp. 137–145, and Story's Equity Jurisprudence, vol. 2, §§ 1506–1512) are full upon that subject. I think it necessary to call attention to one matter, however, which will occasion trouble to those who believe that the rules relating to bills of discovery are still in force. " A bill to perpetuate testimony will lie in many cases where a bill of discovery would not lie. Thus, in cases involving a penalty or forfeiture of a public nature a bill of discovery would not lie at all. And in cases which involve forfeitures or penalties of a private nature it will not lie unless the party entitled to the benefit of the penalty or forfeiture waives it. But no such objection exists in regard to a bill to perpetuate testimony ; for the latter will lie, not only in cases of a private penalty or forfeiture, without waiving it where it may be waived, as in cases of waste, or of the forfeiture of a lease, but also in cases of public penalties, such as for the forgery of a deed, or for a fraudulent loss at sea." (Story's Equity Jurisprudence, vol. 2, § 1509.)

There is a further distinction. A bill to perpetuate testimony will lie against a *bona fide* purchaser without notice, though a bill of discovery is not maintainable against him. (Story's Eq. Jur. vol. 2, § 1510.) Now, as sections 870 and 872 are a substitute for the bill to perpetuate testimony quite as much as for the bill of discovery, and as there is just as much authority for applying the doctrines as to the bill to per-

petuate testimony as there is for applying the doctrines relating to bills of discovery, I should like to know which of these two irreconcilable methods of procedure is to control the other. Furthermore, if it be right to insist that an affidavit of the party seeking to examine his adversary shall contain all the allegations of a bill of discovery, why ought it not also to contain all the allegations requisite in a bill to perpetuate testimony ? Again, the language of sections 872 and 873 very distinctly prescribes what the affidavit shall state. It specifies what the affidavit shall *set forth*. It is to be observed that the section does not provide that the judge shall grant an order for the examination " when *it shall appear* by affidavit that sufficient grounds exist therefor." (See secs. 181, 220 and 229, Code of Procedure.) Where that language has been employed, the courts have uniformly construed it as giving them power to require a full and detailed statement of the facts by which it is made to appear that the applicant is entitled to the order he asks for. Section 873 declares that the judge must grant the order when an affidavit is presented to him *setting forth* certain allegations. The applicant is not bound " to make it appear " to the judge, that is, to convince him by a mass of evidence, positive, direct, or circumstantial, that those allegations are founded upon fact. The law requires the judge to take the applicant's word for them. Where an attachment is applied for, the plaintiff must show by affidavit *to the satisfaction of the judge* the facts entitling him to it (§ 636, Code Civil Procedure). Section 557, which relates to orders of arrest, and section 607, which relates to injunctions, are in substance the same as §§ 181 and 219 of the Code of Procedure, and were doubtless intended to be construed in the same way. It was established that affidavits setting out in detail the facts making an arrest or an injunction proper, would, in all cases, be required by the judge. But, as I have already pointed out, the language of §§ 872 and 873 is very different. The very change of words carries with it a strong presumption that the legislature did not intend that the same kind and the same amount of proof should be required as in an

application for a provisional remedy. In language so plain that it cannot be misunderstood, the Code prescribes what the affidavit shall contain, and I know of no authority except the law-making power which can lawfully require any additional allegations. (*Glenny* v. *Stedwell*, 64 N. Y. 128.)

I have already said that § 872 was a substitute for that portion of the Revised Statutes, entitled, " Of Proceedings to Perpetuate Testimony." The language of the Revised Statutes is not so clear and unmistakable as the language of § 872, and yet no one of the eminent judges who passed upon article five ever thought it necessary to tack to it the chancery rules relating to bills to perpetuate testimony. In *Jackson* v. *Perkins* (2 Wend. 308) the Supreme Court gave the statute a liberal construction. *In the Matter of Kip* (1 Paige, R. 601), the affidavit stated that certain actions of ejectment were pending, and that the testimony of Isaac L. Kip was material and necessary in the prosecution of the suits. There was no statement in the affidavit of any fact which made it necessary or proper for a court of equity to lend its aid, and, of course, as a bill to perpetuate testimony, the affidavit would have been fatally defective; but yet Chancellor Walworth seems to have had no doubt that the affidavit was sufficient. In his opinion the chancellor makes some observations which apply as completely to § 872 of the Code of Civil Procedure as they applied to the statute which the chancellor was expounding. He says : " By the act under which these proceedings were instituted, it was the intention of the legislature to give to the master or other officer power to take testimony, and to compel the witnesses to give evidence in the same cases and to the same extent that the court would be authorized to compel the witness to testify on the trial of the cause. It does not authorize the examination of a witness who would not be compelled to testify on the trial. The witness is not obliged to criminate himself, or answer any question which he would not be bound to answer if examined in open court. If the testimony is calculated to criminate the witness, render him infamous, or to subject him to a forfeiture or penalty, the officer has no

right to compel him to testify. So if the master is satisfied the testimony can have no possible bearing upon the questions which may arise in the cause, he ought not to compel the witness to answer ; especially where a reasonable objection is urged by him. The officer must necessarily have some discretion on this subject, and *he may require the party on whose application the examination is made to explain the nature of the litigation so far as to enable him to judge whether such applicant is proceeding in good faith to perpetuate testimony, or is, under that pretence, only fishing for testimony to be used against the witness, or for other purposes.* On this subject the officer must be permitted to judge; and he is not bound to commit the witness for refusing to answer if he thinks the question ought not to be answered."

These observations prove conclusively that in proceedings under the statute which the chancellor was construing, fishing inquiries are to be stopped by the officer before whom the examination is going on, there being no authority for requiring an affidavit from the applicant specifying in detail the particular facts which it is sought to prove by the witness. (2 Tillinghast & Shearman Pr. 376 ; Tate's Pleadings, p. 82, sec. 62; Graham's Practice, 589 ; 2 Phillips on Evidence, 4th Am. ed., edited by Isaac Edwards.)

When the simplicity of our system of practice is considered, there seems to be no necessity for requiring in an affidavit the fulness of averment that was necessary in a bill of discovery. A bill of discovery required a written answer. If the defendant answered at all, he was compelled to answer all the facts stated in the bill, except where he was specially protected from answering. If he failed to answer, an injunction might be obtained restraining him from prosecuting, or from defending, the action at law ; or the bill might be taken *pro confesso* against him, and then offered on the trial at law, as an admission on his part of all its allegations (Daniell's Chancery Practice); or he might be arrested and imprisoned until he answered. (Equity rule 18, U. S. Supreme Court.) Before any of these stringent proceedings should be taken, it was right to call upon the complainant to show the utility

and the necessity of the discovery which he sought. The answer was not made nor were the interrogatories propounded in the immediate presence of the judge, and there was, therefore, no way in which the defendant could be protected from a fishing inquiry save by the judge seeing to it, in the first instance, that the object of the complainant was legitimate, and that his interrogatories were so framed as to call forth only such information as he had a right to demand. In New York, however, the examination is had under the eye of the judge. If the judge performs his duty, a party cannot put a fishing question without being checked by the bench. (*Glenny* v. *Stedwell*, 64 N. Y. 123.) The party under examination may object to any question the same as upon a trial, and the objection may answer all the purposes of a demurrer to a bill of discovery. In short, in our practice the main, the interrogative, part of a bill of discovery, and the demurrer, plea or answer thereto, are not in writing but are oral, and are presented by the parties in open court. There is no need, therefore, of precautions against improper and fishing examinations. It is said that the examination of parties before trial tends to promote abuses. To that I can make no better answer than is found in the opinion of the Court of Appeals in *Glenny* v. *Stedwell* (64 N. Y. 123). " It is not a sound argument which reasons against the existence of a right from the possibility of the abuse of it."

It will be seen that the foregoing observations are not limited to the case under review. But even if I am in error in the views I have expressed, I think that the affidavit of Mr. Balestier is sufficient to sustain Judge Van Brunt's order. The plaintiff brought her action of ejectment. The defendants denied her right to the land in suit. The plaintiff alleged that she was the widow of the man from whom the defendants had inherited the property in controversy. The defendants had never heard that their brother, whose heirs they were, had ever been married. After issue joined, they sought to examine the plaintiff as a party before trial. If there ever was a case in which such an examination ought to have been had, it seems to me this is the very one. In what way were

they to discover when and where the plaintiff, of whose
history they were utterly ignorant, and of whose existence
they had just become aware, married their brother? How
could they prepare for trial? What reason, except the
extremely technical one given by Judge Daly in setting aside
Judge Van Brunt's order, was there for preventing the
examination of the plaintiff as to the issues raised by the
pleadings? In Lord Hardwicke's time just such an exam-
ination could have been had in chancery; for in *Metcalf* v.
*Hervey* (1 Vesey, Sen., 248) the great chancellor said: "The
question comes to this, whether any person in possession of an
estate as tenant, or otherwise, may not bring a bill to dis-
cover the title of a person bringing ejectment against him,
to have it set out and seen;" and he was of opinion he
might, to enable him to make a defense in ejectment. I am
aware that that case has been frequently disapproved, but
never, so far as I know, by the Court of Appeals. Again,
§ 872 embraces, as I have said, the equitable remedy of per-
petuating testimony as well as the equitable remedy of a bill
of discovery; and a bill to perpetuate testimony lay not only
to obtain proof in support of the plaintiff's action, but also
to obtain proof of matters of defense to repel it. (2 Story's
Equity, § 1509, citing *Earl of Suffolk* v. *Green*, 1 Atk. 450.)

I think the defendants were entitled, therefore, to obtain
the testimony of the plaintiff as a means of repelling her
action. I am in favor of reversing the order of Judge Daly,
with costs and disbursements.

LARREMORE, J.—Having concurred in the decision in
*Phœnix* v. *Dupuy* (*ante*, p. 238), I have sought to apply the
same ruling in this case. But a marked distinction is found
in the phraseology of the statute authorizing an examination
of a party before trial.

The case first mentioned was under §§ 389–395 of the
old Code, the proceeding under which is in the nature of the
former remedy by bill of discovery. (*Glenny* v. *Stedwell*, 64
N. Y. 120.)

Section 391 of the old Code provided that the examina-

tion of a party, instead of being had at the trial, might be had at any time before the trial at the option of the party. Under this statute, the examination has in some instances been held to be a statutory right and beyond judicial discretion.

But this application is under §§ 870–873 of the Code of Civil Procedure, which appear to be mandatory in terms, and to have been adopted to meet and remove a variance of opinion upon the construction of the former statute.

Whatever may be the effect of rule 89 of the Supreme Court, it was not in operation when this application was made, and the defendants stand upon the law in force in September, 1877.

It is unnecessary to consider what limitations might be imposed by the court upon such an examination. The defendants' right to the order for it seems to be authorized by law and a matter of right upon the papers presented.

CHARLES P. DALY, Ch. J., dissented on the ground that by Supreme Court rule 89 (Rules of 1877) the affidavit was required to specify the facts and circumstances showing that the examination was material and necessary, and that the affidavit in this case did not specify any such facts and circumstances.

Order reversed, with costs and disbursements.