GEORGE BEACH, AN INFANT, BY JOSEPH BEACH, HIS GUARDIAN, APPELLANT, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENT.

*Order for examination of party before trial — Affidavits.*

Upon an application to examine a party under sections 870, etc., of the Code of Civil Procedure, the affidavits must conform to the requirements of the sections, and an order made on argumentative affidavits will not be sustained.

Upon an application by the defendant to examine the plaintiff, in an action brought by the latter to recover damages for an injury sustained in consequence of a defective pavement, the affidavit stated that the facts and circumstances connected with the happening of the alleged accident, and the hour of the day or night on which it is stated to have occurred, and the names of the by-standers or witnesses, if any there were, and the nature and extent of plaintiff's injuries, were not within the defendant's knowledge, and in order to enable defendant to prepare properly for the defense of the action it would be necessary to examine the plaintiff before trial.

*Held,* that this statement of facts was not sufficient, or such as was required by the statute; that it did not show that the testimony was material and necessary for the party making the application, for the prosecution or defense of the action.

APPEAL from an order of the Special Term denying a motion of the plaintiff to vacate an order of examination under sections 870, 872, 873 and 874 of the Code of Civil Procedure.    The application for the order of examination was made upon the following affidavit :

————, being duly sworn, says: That he is an attorney and counsellor at law, and employed in the office of the counsel to the corporation; that this action is brought to recover the sum of $5,000, on account of sundry injuries, which plaintiff alleges he sustained while riding or driving through Ninth avenue between 55th and 56th streets in the city of New York, by reason of the alleged unsafe and dangerous condition of the pavement of said avenue; that the answer herein sets up a general denial, and in addition thereto avers, upon information and belief, that the said alleged injuries were caused solely by the carelessness and negligence of this plaintiff; that all the facts and circumstances connected with the happening of the alleged accident, the hour of the day or night at which it is said to have occurred, the names of the by-standers or witnesses, if any there were, and the nature and extent of the plaintiff's alleged injuries, are peculiarly within the knowledge of this plaintiff and not at all within the knowledge of defendants' department of law, and that in order to enable these defendants to prepare properly for the defense of this action, it will be necessary for them to examine this plaintiff before trial under the provisions of §§ 872, 873, etc., of the Code of Civil Procedure; that this action is at issue and about to be tried; that the plaintiff herein appears by his attorneys, Messrs. Winfield, Leeds & Morse, of No. 120 Broadway, N. Y.; and deponent further says, upon information and belief, that the plaintiff resides within the city and county of New York.

Sworn to before me, this 14th day }
          of November, 1877.         }          ————  ————.

*Winfield, Leeds & Morse,* for appellant.

*Thomas P. Wickes,* for respondent.

DAVIS, P. J.:

To entitle a party to an action to examine another party thereto, or a person not a party, before trial, it is required by section 872 of the Code of Civil Procedure, that the person desiring to make such examination, present to one of the judges named in such section, an affidavit setting forth as follows, names and residences of all the parties in the action, and whether or not they have appeared, and if either of them have appeared by attorney, the name, residence and office address of the attorney, the nature of the action and the substance of the cause of action and the judgment demanded, the nature of the defense if any has been interposed, the name and residence of the person to be examined and that the testimony of such person is material and necessary to the party making such application, for the prosecution or defense of such action, and either the place where such party is sojourning, or where he regularly transacts business, and any other fact necessary to show that the case comes within sections 870 or 871, or relevant to the questions specified in section 873 of the Code of Civil Procedure.

Nothing seems easier than to prepare an affidavit in such case, in conformity to the requirements of the section, and the court ought not, therefore, to allow slipshod and argumentative affidavits as a substitute for those required by the statute. An examination of the affidavit in this case shows that it fails to comply with the requirements in several particulars. For instance, the affidavit does not state the names and residences of all the parties to the action, and whether or not they have appeared. Those are the facts required to be verified by affidavit; they are not indicated in any way except as the names are given by the title of the action preceding the affidavit. The attorneys of the plaintiff are named, and an address is given, but it is not stated whether it is the residence or office address of the attorney.

The name of the person to be examined is not stated, except by calling him the plaintiff, and his testimony is not stated to be material and necessary for the party making the application for the prosecution or defense of the action. The action is brought to recover for an alleged injury suffered by the plaintiff; while riding or driving on one of the avenues in the city of New York,

by means of the alleged unsafe and dangerous condition of the pavement; and it is further stated that all the facts and circumstances connected with the happening of the alleged accident, and the hour of the day or night on which it is stated to have occurred, and the names of the bystanders or witnesses, if any there were, and the nature and extent of the plaintiff's injuries, are not at all within the knowledge of the defendant's department of law, and it is stated that in order to enable the defendant to prepare properly for the defense of this action, it will be necessary for them to examine this plaintiff before trial under the provisions of the Code above named.   This is not stating that the testimony is material or necessary for the party making the application, for the prosecution or defense of the action, but, at most, is a statement that it is necessary for the purpose of enabling the plaintiff to prepare properly for the defense of the action.

The provisions of the Code contemplate an examination of the party as a witness in the action itself, with the view to the use of his deposition as testimony upon the trial.   But this application shows that the object was not to get his testimony to use upon the trial, but to force him by an examination to furnish to the defendants the information necessary to enable them to look up witnesses to be used against him.   This doubtless may be done by resorting to such an examination, as one of the necessary incidents to the taking of testimony, but where it is stated to be the object and purpose of the examination, the party fails in material respects to comply with the requirements of the Code in his affidavit.

We are of the opinion that the court below should have vacated its order, and that the order denying the motion should be reversed and the motion granted, with ten dollars costs besides disbursements.

BRADY and INGALLS, JJ., concurred.

Order reversed, motion granted with ten dollars costs and disbursements.