ISRAEL ADAMS, APPELLANT, *v.* THOMAS T. CAVANAUGH
AND OTHERS, RESPONDENTS.

*Examination of a party before trial — only allowed to enable the applicant to establish
his own case — Code of Civil Procedure, sec. 870, etc.*

A plaintiff cannot, under the provisions of article 1, title 3, chapter 9 of the
Code of Civil Procedure, compel his adversary to appear and be examined
before the trial, when the object of the examination is to compel him to dis-
close the evidence by which he intends to establish his defense; such an
examination must be confined to facts which tend to establish the applicant's
cause of action or defense.

Where, in an action brought to foreclose a mortgage for non-payment of interest,
the execution of the mortgage is admitted and the action is defended on the
grounds of payment of the interest and of usury, the plaintiff cannot compel the
defendant to appear and be examined before trial, when it is apparent that
the purpose of the examination is to ascertain the evidence by which the
defendant intends to support his defenses.

APPEAL from an order made at a Special Term, vacating an order
requiring the defendant to appear and be examined before trial.

This action is brought by a mortgagee against a mortgagor and
his wife, to foreclose a mortgage for the non-payment of annual
interest. But two defenses are interposed : (1.) That the interest
has been paid. (2.) That the mortgage is usurious. After the
issue of fact was joined, the plaintiff obtained upon an affidavit and
the pleadings, an *ex parte* order from a justice of this court, for the
examination of one of the defendants (the mortgagor) before a
referee pursuant to article 1, title 3, chapter 9 of the Code of Civil
Procedure. The order does not designate and limit the particular
matters as to which the defendant is to be examined. The plaintiff
states in his affidavit, on which the order was granted, that he desires
to prove by the defendant that the interest has not been paid, and
that the mortgage is not usurious. It also contains a statement that
the evidence of the defendant is material and necessary to the plain,
tiff in the prosecution of the action, and to enable him to safely
proceed to trial. The defendants moved at a Special Term held
by the justice who granted the order, to vacate it upon an affidavit
stating that the affiant believed the order was obtained for the
purpose of ascertaining what the defendant would testify to, so as

to be prepared to meet it on the trial; and that the examination was not necessary and material for the prosecution of the action. The court at Special Term vacated the order. The plaintiff appeals.

*Hannibal Smith*, for the appellant.

*E. C. Emerson*, for the respondents.

FOLLETT, J.:

In chancery the right of a party to a discovery did not extend to all facts material to the issue, but was limited to such material facts as were necessary to establish his cause of action or defense. (Story's Eq. Pl., § 572; 1 Pom. Eq. Juris., § 201; Hare on Dis., 198; 2 Barb. Ch. Pr., 101; 1 Dan. Ch. Pr., 606; *Deas* v. *Harvie*, 2 Barb. Ch., 448.)

By section 389 of the old Code, bills of discovery were abolished, and by section 390 the examination of adverse parties was authorized. The subjects upon which parties might be examined were not prescribed, nor was the extent to which they might be examined limited by the old Code. Whether the examined party could be compelled to disclose evidence which related exclusively to his cause of action or defense, was much debated, and finally resulted in the adoption, in December, 1870, of the twenty-first rule, which took effect February 1, 1871, and provided: "The application for an examination under section 391 of the Code shall be upon an affidavit disclosing the nature of the discovery sought to enable the party to frame his complaint or answer, or to prove his case or defense upon the trial, and how the same is material in aid of the prosecution or defense." In November, 1874, the rule was amended by omitting the words "to frame his complaint or answer or," and as thus amended, remained in force until January 1, 1878, when the rules adopted in October, 1877, under the Code of Civil Procedure, went into effect. The weight of authority before as well as subsequent to the rule referred to, was in favor of limiting examinations to such facts as were material to establish the cause of action or defense of the party who sought the examination; and not to permit the evidence which related exclusively to the cause of action or defense of the examined party to be inquired into. (*Wiggin* v. *Gans*, 4 Sandf., 646, 647; *Carr* v. *The Great Western Ins. Co.*, 3 Daly, 160;

*Schepmoes* v. *Bousson*, 1 Abb. N. C., 481; S. C., 52 How., 401; *Phoenix* v. *Dupuy*, 7 Daly, 238; S. C., 53 How., 158; 2 Abb. N. C., 146; *Elmore* v. *Hyde*, 2 Abb. N. C., 129.; The examination of parties under the old Code was a substitute for a bill of discovery. *Glenney* v. *Stedwell*, 64 N. Y., 120.)

Article 1, title 3, chapter 9 of the Code of Civil Procedure provides for the examination of adverse parties to actions and for the examination of witnesses. The procedure for the examination of both is provided for in the same sections, and the distinction between the examination of an adverse party and of a witness is not, in all instances, clearly preserved; and it is difficult in some instances to determine whether the language employed is applicable to the one case or the other.

"The deposition of a party to an action pending in a court of record * * * may be taken * * .* at the instance of an adverse party * * * at any time before the trial, as prescribed in this article." (Sec. 870.) "The person desiring to take a deposition * * * may present * * * an affidavit setting forth," among other things, "that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action." (Sec. 872 and subdiv. 4 of § 872.) The word "person" evidently embraces both a party to an action and a witness.

Under the old Code, as now, facts material to the issue in support of the case of the examining party, and in rebuttal of the case of the opposite party, might be proved by a witness examined upon an order. Whether the term "is material and necessary for the party making such application," refers to the testimony of a witness, and the term, "the prosecution or defense of such action," refers to the examination of an adverse party, is difficult to determine. If such a distinction was not intended, the term "or the prosecution or defense of such action" is simply an unnecessary repetition of the idea expressed in the preceding clause of the subdivision. Having in mind the fact that this distinction existed at the time this section was enacted, and the rule that statutes shall be so construed as to give meaning to all of the language employed, if possible, we are of the opinion that the writer had in mind the distinction then existing between the examination of parties and of witnesses

and intended to preserve it. "The examination of a party, or an expected party, is subject to the same rules as if he was examined upon the trial." (Sec. 880.)

On the trial a plaintiff may call his adversary to prove his cause of action, but not to ascertain what the defendant will swear to in support of his defense, and so may the defendant, to prove his defense, call the plaintiff, but not for the purpose of finding out what will be sworn to in reply. The provision last quoted, does not support the position that a party may compel his adversary to disclose under an order, the evidence which relates exclusively to his cause of action or defense.

The Court of Chancery never exercised or assumed to possess the power to compel a party to disclose evidence exclusively relating to his own cause of action or defense. The weight of authority under the old Code is adverse to the exercise of this power by the Supreme Court or its judges. The Court of Appeals has held that the right to examine an adverse part under the Code of Civil Procedure, is purely a statutory right (*Heishon* v. *Knickerbocker Life Ins. Co.*, 77 N. Y., 278), and we find no provision in this Code which enlarges the power exercised by the Court of Chancery, or the power conferred by the old Code.

The decisions under the present Code are not harmonious.

In *Hynes* v. *McDermott* (7 Daly 513; S. C., 55 How., 259), it is said that the decisions applicable to bills of discovery, and to the old Code are not applicable to the Code of Civil Procedure, which, it is said, is more than a substitute for the bill of discovery. In *Goldberg* v. *Roberts* (5 Civil Pro. Rep. 96), the same court doubted the applicability of the former rules. In *Wayne County Savings Bank* v. *Brackett* (31 Hun, 434), it was held that when an adverse party is sought to be examined, "the applicant must state by affidavit facts and circumstances showing that the testimony sought is material and necessary to his case." In *Kinney* v. *Roberts* (26 Hun, 166), it was held that the remedy now under consideration is a substitute for a bill of discovery, and that the present remedy is governed by the rules formerly prevailing, except as otherwise provided by the Code. (To the same effect is *De Leon* v. *De Lima*, 66 How., 287; see, also, *Greer* v. *Allen*, 15 Hun, 432.)

In *Beach* v. *The Mayor* (14 Hun, 79; S. C., 4 Abb. N. C., 236)

the defendant sought to examine the plaintiff as to the circumstances under which he was injured, their nature and extent, but an examination was refused, upon the ground that it did not appear that the evidence sought for was material and necessary to establish the defendant's defense. *Fourth National Bank* v. *Boynton* (29 Hun, 441) was brought to recover the amount due upon promissory notes.

The sole defense interposed was usury. The plaintiff sought to examine the defendant for the purpose of ascertaining whether the notes were usurious, or not. An examination was denied upon the ground that the evidence sought was not material to establish the plaintiff's cause of action. (*Chapin* v. *Thompson* (16 Hun, 53) was brought to foreclose a mortgage. The sole defense was usury. The plaintiff sought to examine the defendant as to the circumstances of the loan. An examination was ordered, which the Special Term refused to vacate; but on an appeal to the General Term, it was vacated upon the ground that evidence was not sought in support of the plaintiff's case, but for the purpose of discovering the evidence by which the defendant expected to sustain his defense. To the same effect is *Gilbert* v. *The Third Avenue Railroad Company* (17 J. & S., 129); and *Fitzpatrick* v. *Van Schaick* (59 How., 472). In *Dart* v. *Laimbeer* (15 J. & S., 490), and in *Batterson* v. *Sanford* (8 N. Y. W. Dig., 121), it was held that the applicant must assert the intention to use the evidence on the trial.

In England, the equity and common-law courts have been superseded by the High Court of Justice, which is authorized to compel, by order, a party to an action to make discovery in legal and equitable actions, thus rendering bills of discovery unnecessary. The power is conferred by section 51, chapter 128, 17 and 18 Victoria (C. L. P. Act of 1854), which provides that after issue, by leave of the court, or a judge, a party may " deliver to the opposite party or his attorney, * * * interrogatories in writing upon any matter as to which discovery may be sought, and require such party * * * to answer the questions in writing by affidavit." The fifty-first section provides that the order shall be made upon an affidavit, stating that the deponent believes that the party proposing to interrogate will derive material benefit in the cause from the discovery which he seeks, and that there is a good cause of action or defense on the merits." The practice under these sections is regulated

by the thirty-first order, which neither enlarges, nor restricts the scope of the sections. Under this statute it has been uniformly held, in legal and equitable actions, that interrogatories are not to be allowed where they relate wholly to matter which tends to support the case of the opposite party. (*Stewart* v. *Smith,* L. R., 2 C. P., 293; *Hodsoll* v. *Taylor,* L. R., 9 Q. B., 79; *Lyell* v. *Kennedy,* 8 App. Cases, 217, 227.)

The weight of authority in the Supreme and Superior Courts is against allowing a party to compel an adversary to disclose the evidence which relates exclusively to his defense; but the examination is to be confined to such facts as tend to establish the applicant's cause of action or defense. In the case at bar the plaintiff's mortgage stands admitted. Two affirmative defenses are interposed — payment and usury. It is apparent that the plaintiff does not seek the examination of the defendant for the purpose of establishing the cause of action alleged in the complaint, but for the purpose of ascertaining the evidence by which the defendant intends to support his defenses. For this reason, the order vacating the order directing the defendant to submit to an examination, must be affirmed, with ten dollars costs and printing disbursements.

HARDIN, P. J., and VANN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.