Bradley, J.
The cause of action alleged is libel. The answer denies the complaint, and alleges matters in justification and mitigation. After the issues were perfected the defendant obtained an order from a justice of this court, directing the plaintiff to appear before the referee appointed by the order, at a time and place therein specified. The motion to vacate the order was made upon the grounds :
1. That the affidavit upon which it was granted did not specify facts showing that the examination was material and necessary, as required by rule 83.
2. That it did not state that the examination was required for use upon the trial.
3. That the name of the defendant was not given by it.
4. That the purpose of the examination sought was to enable the defendant to prepare a bill of particulars, and not for use on the trial.
5. That the order requires the plaintiff to give evidence criminating himself.
6. That the referee named is not a suitable person to take the examination.
The motion to vacate was denied and another referee substituted. The affidavit contains the title of the action, and was made by one of the attorneys for the defendant, and refers to the defendant named in the title, and states that it is a domestic corporation, having its office and place of business in the city and county of New York. It states the nature of the action, and sets out the answer. It states the opinion of the deponent, that the testimony of the plaintiff is material and necessary for the defendant, and for the defense of the action; and then proceeds to state the grounds of such opinion, which are sufficient to show the materiality to the defense of the evidence the defendant seeks to obtain by such examination, and expects to prove by it. And that in order to maintain its defense and prove the allegations contained in its answer, the defendant .desires to so examine the plaintiff. Those facts seem to be sufficient to bring the application for the order within the statute, which provides that the deposition of a party to an action . . . may be taken . . at the instance of an adverse party . . at *231 any time before the trial. Code Civ. Pro., § 870. The affidavit must set forth “ the names and residences of the parties to the action, and whether or not they have appeared,” etc., the nature of the action, the substance of the judgment demanded . . .
the nature of the defense, and that the testimony of the person to be examined is material and necessary for the defense. Id. § 872. And rule 83 of this court requires that the affidavit specify the facts and circumstances which show that the examination of the person is material and necessary. The only purpose for which such an application of a defendant after answer, under the statute can be supported is to take the deposition for use upon, the trial by way of defense. The examination cannot be granted to obtain admissions, or to enable a defendant to prepare for trial, and might not to prepare a bill of particulars, The fact, however, that those things are incidentally referred to in the affidavit does not necessarily qualify the substantial and legitimate purpose mentioned, and upon which the application seems by the affidavit to have been founded.
It is said that the affidavit is defective because it does not state the purpose to use the evidence on the trial. And on that proposition are cited Beach v. Mayor (4 Abb. N. C., 236), and Knowlton v. Bannigan (11 id. 419). Those cases do not support the proposition to the extent requiring such purpose to be directly and by express terms stated. In the former of those cases, the affidavit showed that the application was merely to enable the party making it to prepare for trial, and therefore could not be treated as made to obtain testimony to use on the trial; and in the latter, the application was to examine a third person, in which the court observes a distinction in the statement required in the respect in question. In the application for the examination of an adverse party after issue, it is sufficient if the purpose to use the deposition on the trial is fairly infer-able from the statements made in the affidavit.
That does not appear here. The affiant says that in order to maintain its defense and prove the allegations contained in its answer, the defendant desires to examine said Ball and take his deposition, etc. Gilbert v. Third Ave. R. R. Co., 17 J. & S., 129.
While it is true that the plaintiff may decline to testify as to some of the matters involved, and in reference to some of the facts and circumstances which are set out in support of the allegation of materiality of his evidence for the defense because it might tend to criminate him; yet that situation is not necessarily applicable to all the matters stated to be material to, and within the issue, and which the application for the contemplated examination as shown by the papers upon which the order was made has in view. If it could be seen that the examination would legitimately embrace nothing except that to which his *232 privilege .would apply, tbe application for such an order should be denied. But the fact that the party may decline for that reason to testify in respect to some, and not as to all the legitimate subjects and matters of inquiry, is not in the way of granting such an order, because the party may be fully protected by asserting his privilege on his examination in respect to all attempted adduction from him of evidence coming within it. Kinney v. Roberts, 26 Hun, 166; Davenport G. M. Co. v. Taussig, 33 Hun, 32; Davies v. Fish, 35 Hun, 430.
There seems to be no other question requiring consideration.
The order should be affirmed.
Smith, P. J., and Barker, J., concur.