CHARLES GOLIN and DAVID DUQUETTE, Appellants, *v.*
THE TOWN OF MOOERS.

*Supreme Court, Third Department, General Term, December 11, 1889.*

1. *Deposition. Examination before trial.*—An affidavit to procure the examination of a party before trial must state facts showing the materiality and necessity of the examination.
2. *Same. Purpose.*—An order will not be granted, in order to ascertain what the adverse party will testify to on the trial.

Appeal from order of special term, denying motion to set aside an order for plaintiff's examination before trial.

Action to recover damages sustained by plaintiff while lawfully driving with a valuable threshing machine over a bridge which defendant had knowingly allowed, for a long time, to remain out of repair and unfit for use.

*S. L. Wheeler*, for appellants.

*Shedden & Booth*, for respondent.

LEARNED, P. J.—This cause is not in issue, no answer having been served. The defendant desires to examine the plaintiff as to the facts and circumstances relating to the accident ; the location of the bridge ; the part that was defective ; the parts of the machine which were broken ; the names of the persons with whom plaintiff had contracts ; the names of the persons present at the accident.

It is plain that such an examination is not needed to enable defendant to answer. A general denial would put these

matters in issue. If the defendant needs something in the nature of a bill of particulars this is not the way to obtain it.

The object of the examination is plainly to find out what plaintiffs will testify to on the trial, so that defendant may the better meet the plaintiff's evidence ; a kind of examination which has been called " a fishing excursion."

In Fogg *v.* Fisk, 30 Hun, 61, cited by defendant, it was pointed out that the affidavits showed that the party making the application desired to " obtain evidence in support of his own case." In that respect the court said that the case differed from Chapin *v.* Thompson, 16 Hun, 53; Beach *v.* Mayor, etc., 4 Abb. N. C. 236.

In Ball *v.* Evening Post Pub. Co., 5 N. Y. State Rep. 230, also cited by defendant, the affidavit showed that defendant needed the evidence of plaintiff to prove the allegations contained in its answer. In the present case there is no answer, and the defendant seeks to examine plaintiff as to the facts of their cause of action.

Now the case of Beach *v.* Mayor, etc., above cited, is strikingly like the present. The plaintiff claimed to have been injured by the dangerous condition of a street over which he was driving and the defendant wished to examine him as to the facts and circumstances ; among other things as to the names of bystanders. The court said that the object of the application was to force the plaintiff by an examination to furnish to the defendants the information necessary to enable them to look up witnesses to be used against him. That is this case.

The same view was taken by this court in Chapin *v.* Thompson, 16 Hun, 53, and in Weston *v.* Reich, 48 Id. 320 ; so, also, in Gilbert *v.* Third Avenue R. R. Co., 49 Superior Ct. 129.

We are satisfied that on principle and on repeated decisions this order for examination should not stand.

Order appealed from reversed, with ten dollars costs and printing disbursements, and motion to vacate order for examination granted, with ten dollars' costs.

PUTNAM, J.—Under §§ 870 and 872 of the Civil Code a party may take the deposition of the opposite party before trial. But by subdivision 4 of § 872, in his affidavit on which he applies for the order to examine him he must show that the testimony desired is material and necessary in the prosecution or defense of the action. It is not sufficient to state in the affidavit that the desired testimony is material and necessary, for rule 83 of the supreme court provides that in the affidavit the party applying for such an order shall state the facts and circumstances showing that such an examination is material and necessary.

Subdivision 4 of § 872 of the Code and rule 83 have been considered and construed in many reported cases. And it is held that " the judge must be able to see from the facts " stated that the testimony is material and necessary. If, from the " nature of the action and the other facts disclosed he can see " that the examination is not necessary for the party seeking " it," then he should not grant the order. See Jenkins *v.* Putnam, 106 N. Y. 215 ; S. C. 26 W. Dig. 155.

It must fairly appear from the facts set out in the affidavit and the papers submitted to the judge on the application of such an order that the applicant requires the testimony of such a party sought to be examined as a witness. If the applicant evidently does not know whether the evidence sought is material or not, or the object of the examination is to find out what the opposite party will swear to, the order should be denied.

In this case the action is brought for injuries to the property of plaintiffs alleged to have occurred by reason of a defective bridge, and damages were claimed for injuries to a threshing machine and the loss of benefits of contracts for threshing grain. The affidavit states only the following facts, if any, showing the examination of plaintiffs material and necessary: " The testimony of plaintiffs in this action is material and necessary on the part of the defendant herein * * * to obtain * * * a statement of all the facts

and circumstances within the knowledge of said plaintiffs relating to said accident  *  *  *  the exact location of the bridge and the part of said bridge that the plaintiffs allege in said complaint was defective and out of repair and unsafe for use ; what parts of said threshing machine were broken and rendered worthless ; what contracts the plaintiffs had for threshing grain mentioned in said complaint, the names of the persons with whom the same were made and the terms of the contracts, and the name or names of all person or persons who were present at the time of said accident."

It does not appear from the affidavit but what the defendant or its officers know the location of the bridge and the defective part thereof as well as the plaintiffs.  It is to be presumed that the officers of the defendant have as much knowledge in this regard as the plaintiffs.  It is not shown that the officers of the defendant did not know what parts of the machine were broken or injured, nor is it alleged that the defendant or its officers cannot have inspection of the machine.  As to the contracts that plaintiffs had and with whom, if these facts are important, material or necessary for the defendants to know and are not known to its officers, the better way to obtain ·the desired information is to obtain a bill of particulars.  It will not be seriously ·claimed that an order to examine plaintiffs should be given in order that defendants may ascertain who were present when the accident occurred.  It will be perceived that there is an absence of proof in the affidavit on which the order to examine was obtained of any fact showing that it was necessary for defendant to examine plaintiffs before trial, and that any examination taken would probably be used on the trial.

The affidavit in this case was certainly no stronger than that presented to the judge in Jenkins *v.* Putnam, 106 N. Y. at page 274 ; and yet that affidavit has been held by this court insufficient to justify the granting of such an order.  Jenkins *v.* Putnam, 26 Week. Dig. 155 ; see also Chapin *v.* Thompson, 16 Hun, 53.

We do not think that any facts or circumstances appeared in the papers submitted to the county judge which justified the order granted to examine the plaintiffs before trial under the construction given by the courts to rule 83 and subdivision 4 of § 872 of the Civil Code.

The order appealed from should be reversed, with costs and disbursements, and the motion made at special term granted, with ten dollars costs.

LANDON, J., concurs.

---

### NOTE ON "EXAMINATION OF PARTY BEFORE TRIAL."

The judge, to whom an affidavit to procure an order for the examination of a party in a pending action is presented, is obliged to make the order, unless it is apparent that the testimony sought is immaterial, unnecessary or improper, or that the examination is desired merely for annoyance or delay. Watts *v.* Wilcox, 63 Hun, 628.

The rigid rule that, if a party does not actually know the facts, which make the defense, no order to examine can be granted, would render § 872 of the Code of little practical use. Hoew *v.* Leary, 62 Hun, 240. Where facts and circumstances are shown which justify an examination of a party so that a pleading may be framed for the trial of the issue, the order should be granted. Id. An affidavit made by a wife, who is a defendant in an action of foreclosure, showing that the assignment of the mortgage to plaintiff was paid for by her husband, and that he has ill-treated her and threatens to deprive her and their child of their property, is sufficient to authorize an order for the examination of her husband and the plaintiff before trial, in order to enable her to frame her answer. The notice of the defense and the facts and circumstances to show that an examination is material and necessary are sufficiently stated in the affidavit. Id.

Where the allegations of the answer can be made upon information and belief, and the defendant states that he believes the charges to be true, it is wholly unnecessary for him to examine the plaintiff before trial, in order to find out whether or not they are true. Rycroft *v.* Green, 62 Hun, 622.

And where he has a belief as to the facts which he must necessarily set up in his answer, he can make the proper allegations based upon such belief. Id. If he has no knowledge or belief, he can allege the facts upon the want of any knowledge or information sufficient to form a belief as to the matter. Id. In either case, there is no necessity whatever for an examination of the plaintiff upon these points, to ascertain whether or not his belief is well founded. Id.

An order for the examination of a defendant before trial should not be

vacated on the ground that he had previously been fully examined in proceedings supplementary to execution. Watts *v.* Wilcox, 63 Hun, 628. The proceedings are entirely different, and the statements made on such former examination are available only as admissions and cannot be considered the equivalent of the testimony sought under the order. Id.

An order for the examination of an adverse party before trial is not a matter of strict right, and should be sustained only where the evidence is material to the party seeking it, and there is danger that the oral evidence of such adverse party cannot be had at the trial. Jenkins *v.* Putnam, 100 N. Y. 272 ; Galligan *v.* August, 45 N. Y. St. Rep. 276.

The sufficiency of an affidavit, made for the purpose of obtaining an order for the examination of a party before trial, to enable the adverse party to frame a complaint, must be determined on the requirements of the particular case. Sherman *v.* Beacon C. Co., 58 Hun, 143. However general such affidavit may be in its terms, it must show that the examination is necessary, and that the information sought cannot be acquired without it. Id.

Where the affidavits show that the plaintiff has sufficient knowledge of the facts constituting his cause of action, and that his object is to obtain information concerning an anticipated defense, and to find out whether the cause of action cannot be extended to other parties, an order for the examination of the defendant before trial will be denied. Bloom *v.* Patten, 58 Supr. 225.

In order to entitle a plaintiff to such order before joinder of issue, his affidavits must show that such examination is material and necessary to enable him to frame his complaint. Dalzell *v.* Fahys' W. C. Co., 58 Supr. 136.

The order in Kinsella *v.* Second Av. R. R. Co., 46 N. Y. St. Rep. 251, which was an action for personal injuries, was so modified as to confine the examination to the question as to the time when, and the place where, the alleged accident occurred and as to plaintiff's residence at the time of the accident.

Subd. 5, of §872 of Code does not prohibit taking deposition of party at his own instance. McVity *v.* Stanton, 37 N. Y. St. Rep. 752.

The proof, in this case, was held sufficient to authorize an order to take such examination. Id.

The principle of Williams *v.* Folsom, 22 St. Rep. 507, was applied in Blennerhasset *v.* Stephens, 58 Hun, 611.

As to what an affidavit for the examination of a party before trial must contain, see Woodhull *v.* Washburn, 61 Hun, 624.

An affidavit for the examination of a party before trial should be made by the opposite party. Simmons *v.* Hazard, 58 Hun, 119.

An affidavit stating neither the nature of the action nor the substance of the judgment, is insufficient. Swain *v.* Pettengill, 58 Hun, 607.

The affidavit must state the nature of the defense in order to an examination before trial. Roberts *v.* P. Pub. Co., 57 Supr. 526; Johns *v.* Same, 58 Id. 580.

The plaintiff, to obtain an order before the service of a complaint must

show the materiality and necessity of the examination, to enable him to frame his complaint. Dalzell *v.* Fahys' W. C. Co., 58 Super. 136.

An examination before trial will not be granted, unless the necessity therefor is shown. Waters *v.* Shayne, 57 Hun, 587.

The statements in the affidavit were held, in Huntoon *v.* Jerkowski, 59 Hun, 622, to present a case, in which an examination of the defendant before trial was necessary to obtain evidence for plaintiff to use on the trial of the action.

The affidavit for the examination before trial should contain such particularity of statement as to the subject-matter that the court may designate and limit the matters to be investigated. Lacy *v.* Wolcott, 36 N. Y. St. Rep. 679.

The affidavit, in this case, was held not to show any necessity for the examination. Id.

·The statement of facts, in Carter *v.* Good, 57 Hun, 116, was held to warrant the granting of the order in the case of infancy or confidential relation.

As to when the defendant is entitled to examine the plaintiff before trial, see Spero *v.* W. S. Bank, 57 Hun, 588.

An examination cannot be permitted to enable a party to dispense with · the necessity of procuring witnesses. Broad St. Nat. Bk. *v.* Sinclair, 40 N. Y. St. Rep. 691.

The object of such examination, stated. Id.

Where essential information can be obtained by the defendant only from the plaintiff, he is entitled to an examination of the plaintiff to enable him to prepare his answer. Haynes *v.* Creighton, 58 Hun, 140 ; Same *v.* Same, Id. 604 ; Vernon *v.* Same, Id. 604.

An examination of a party before trial, to enable the plaintiff to amend his complaint, will not be ordered unless the party is first applied to, to furnish the information voluntarily. Sherman *v.* B. C. Co., 58 Hun, 143.

An examination of the plaintiff before trial as to his title is proper in ejectment, when undisclosed by the complaint and its source cannot be otherwise ascertained by the defendant. Thebaud *v.* Hume, 39 N. Y. St. Rep. 446.

Where the complaint in ejectment does not disclose how plaintiff became the owner, and defendant's affidavit states that he is unable to form any opinion as to the ground of plaintiff's claim, an order for the examination of plaintiff as to the source and character of his title, in order to enable the defendant to answer, is proper. Thebaud *v.* Hume, *ante.*

The alleged limited mental capacity of the witness, or the incompetency of the desired testimony, is no objection to an order of the surrogate for an examination of a witness before his assistant. Matter of Hutchings, 61 Hun, 625.

The rule, governing the granting of an order for the examination of a party before trial is relaxed in case of infancy, etc., and where the relation of trust and confidence exists. Carter *v.* Good, *ante.*

Note on "Examination of Party before Trial."

For what purposes examination before trial will not be granted, see Bloom *v.* Patten, 58 Super. 225.

An examination before trial will not be allowed, where it is desired to enable the plaintiff to anticipate evidence of the defense. Man. E. L. Co. *v.* C. T. & E. S. Co., 59 Hun, 624.

An order for examination before trial to prepare an answer of general denial, should not be granted. Immig *v.* Hoesloop, 38 N. Y. St. Rep. 490.

The circumstances, under which a party was required to stipulate to suppress the deposition of a witness as a condition of affirmance of an order for his examination stated. August *v.* Fourth Nat. Bk., 56 Hun, 642.

A party, evading the service of an order for his examination, will not be heard by way of an application to vacate such order. Dudley *v.* P. P. Co., 58 Hun, 181.

Where a party, sought to be examined, is a non-resident, and service of the order cannot be made within this state, an order should be refused. Witcher *v.* T. Ass'n, 38 N. Y. St. Rep. 364.

The court may, whenever it is made to appear that the party sought to be examined is a non-resident, require proof of the ability of the applicant to make service of the order within the state, and, in the absence of such proof, refuse the order. Witcher *v.* Tribune Ass'n, 20 Civ. Pro. 283. Where it affirmatively appears that such service cannot be made, the order should not be granted. Id.

The testimony of a witness, taken at the instance of one party to an action can be read on trial by the other party. Luce *v.* Knowlton, 40 N. Y. St. Rep. 284.

When a refusal to permit it to be read is a harmless error. Id.

An error in the admission of a deposition is cured by the subsequent oral testimony of the witness to the same facts. Slocum *v.* Slocum, 57 Hun, 591.

The discovery of books and papers cannot be had under § 870 of the Code. El Tazi *v.* Stein, 59 Hun, 622.

Where it appears that the chief object of the application is the production of the defendant's books and correspondence, an order for his examination before trial and for the production by him of his books of account and correspondence should not be granted in a proceeding under the provisions of the Code relating to the examination of a party before trial. El Tazi *v.* Stein, 20 Civ. Pro. 125.

The facts were held to entitle the plaintiff to a discovery and inspection of defendant's books, in Allen *v.* Allen, 58 Hun, 604.

The order for a discovery should be restricted to books which contain entries relating to the matters in controversy. Id.

A discovery will not be granted, when no indispensable necessity exists. Perls *v.* Met. L. Ins. Co., 16 Daly, 255.

Where the plaintiff does not show that he has a cause of action, he is not entitled to an inspection, to enable him to frame his complaint. Marrone *v.* N. Y. J. Club, 60 Hun, 577.

When a *prima facie* case is made out and a reason apparently just

Note on " Examination of Party before Trial."

assigned and sufficiently established, an inspection, to enable a party to frame his pleading, is granted without reference to the merits of the controversy. Frowein v. Lindheim, 58 Hun, 609.

As to when a motion for a discovery and inspection of books, in an action for a firm accounting, is properly denied, see Knoch v. Funke, 39 N. Y. St. Rep. 139.

Where an action for an accounting cannot be maintained, an order for inspection of books is unauthorized. Bridgman v. Scott, 59 Hun, 624.

The right to use the deposition of a deceased witness, taken under agreement that it might be used, is not lost by a failure to file it. Schroeder v. Frey, 60 Hun, 58.

In an action against a corporation upon a contract, the plaintiff may obtain an examination of an officer of a corporation before trial, in order to ascertain whether the person who entered into the contract in behalf of the corporation was authorized by it to do so. Bloom v. Pond's Ex. Co., 27 Abb. N. C. 366. Such fact is peculiarly within the knowledge of the defendants. Id. In order to obtain an order for such examination, it need not be shown that there are no other witnesses by whom the fact may be proved. Id.

An officer of a corporation cannot be compelled to produce, on his examination before trial, books and papers of the corporation for the purpose of inspection independent of his examination. Bloom v. Pond's Ex. Co., 27 Abb. N. C. 366. Such books and papers can only be required to be produced when necessary to the examination of the witness within the rules laid down in Loey v. N. Y. C. & H. R. R. R. Co., 53 Supr. 263, and Black v. Curry, 1 Civ. Pro. 193. Id.

Where all the matters desired will tend to criminate, the order should be set aside. Roberts v. P. Pub. Co., 57 Supr. 526; Johns v. Same, 58 Id. 580.

§ 342 of the Penal Code applies to an action to recover moneys lost and removes exemption from examination before trial. Gilpin v. Daly, 59 Hun, 413; Same v. Appleby, Id. 624.

The fact that some of the testimony sought to be elicited might subject the defendant to a criminal prosecution, is no answer to an application for his examination before trial. Haynes v. Hatch, 60 Hun, 586.

See further, on this point, note in 1 Sil. (S. C.) 2.